Marshall Wayne DOOLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–99–01406–CR.

Court of Appeals of Texas,
Dallas.

Jan. 18, 2002.

Melvyn Carson Bruder, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Karen R. Wise, Asst. Dist. Atty., Dallas, for State.

Before Justices KINKEADE, MORRIS, and BRIDGES.

## OPINION

MORRIS, Justice.

A jury convicted Marshall Wayne Dooley of driving while intoxicated. He now raises five issues on appeal seeking to overturn his conviction. Specifically, appellant contends the trial court erred by denying his motion for mistrial following an improper comment by the prosecutor, by allowing the jury to hear evidence that he refused to submit to a breath test, by communicating with the jury in violation of article 36.27 of the code of criminal procedure, and by failing to instruct the jury to disregard an improper argument. He also contends the jury's verdict is erroneous as a matter of law. Because we conclude appellant's arguments are without merit, we affirm the trial court's judgment.

In his first issue, appellant complains the trial court erred by denying his motion for mistrial. Before trial, the trial court granted appellant's motion to suppress some of the sound from a videotape made following appellant's DWI arrest. The prosecutor played the videotape for the jury. When the videotape got to the part where the audio was to be muted, the prosecutor remarked that "per Defense counsel's request, we are going to lower the volume." Appellant objected to the comment. The trial court sustained the objection and instructed the jury to disregard the comment. Appellant's motion for mistrial was denied.

We review a trial court's denial of a mistrial under an abuse of discretion standard. *See Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App.1999). Mistrial is a device used to halt trial proceedings when the error is so prejudicial that expenditure of further time and expense

would be wasteful and futile. *Id.* To determine whether a given error necessitates a mistrial, we must examine the particular facts of the case. *See id.* A mistrial is only required when the impropriety is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. *Hinojosa v. State,* 4 S.W.3d 240, 253 (Tex.Crim.App.1999).

Like the trial court in this case, we perceive the prosecutor's comment to be improper. But it was not so inflammatory as to prejudice the jury beyond repair. The trial court's instruction to disregard the prosecutor's comment cured any prejudicial effect the comment otherwise would have had. The trial court, therefore, did not abuse its discretion in denying the motion for mistrial. We resolve appellant's first issue against him.

■ Appellant in his second issue complains the trial court erred by allowing the State to put on evidence that he refused to submit to a breath test. Appellant contends the evidence was inadmissible because he was coerced into performing field sobriety tests as an alternative to the breath test. At a pretrial hearing on the admissibility of evidence, appellant objected as follows: "[O]ur objection is, Number 1, that the *field sobriety tests* are not admissible because they were coerced, and Number 2, any refusal to take a breath test is rendered inadmissible because he didn't administer the DWI statutory warnings first, as the law requires." Appellant's current complaint does not comport with his trial objection, which related to the admission of the results of the field sobriety tests. Appellant's second issue is not preserved for our review. *See* Tex. R.App. P. 33.1(a)(1). Moreover, even if appellant's arguments at trial are construed as complaining that because the

field sobriety tests were coerced his refusal to take the breath test was inadmissible, he never got an adverse ruling from the trial court on the issue. The trial court concluded the pretrial hearing with this ruling: "I will deny the request to suppress any *field sobriety tests* based on the concept that they may have been coerced." Again, the complaint is not preserved for review because the trial court never ruled adversely to appellant on the breath test issue. *See id.* at 33.1(a)(2). We resolve appellant's second issue against him.

■ In his third issue, appellant complains the trial court erred by communicating with the jury in violation of article 36.27 of the code of criminal procedure. Article 36.27 provides that when the jury attempts to communicate with the court, the court

> shall answer any such communication in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions ... before the court gives such answer to the jury.

Tex.Code Crim. Proc. Ann. art. 36.27 (Vernon 1981). The record in this case only contains notes from the jury; it does not contain any discussion of the notes or answers from the trial court to the jury.

■ We note again that appellant's specific complaint is that the trial court erred by communicating with the jury without complying with article 36.27. Where a communication between the trial court and the jury does not amount to additional instructions, a lack of compliance with the provisions of article 36.27 does not constitute reversible error. *McFarland v. State,* 928 S.W.2d 482, 517–18 (Tex.Crim.App.

1996). Here, the record does not show in what way the trial court responded to the jury's notes. In fact, the record does not show that the trial court communicated with the jury at all in response to the notes. Therefore, appellant has not shown the trial court committed reversible error in its alleged violation of article 36.27. We resolve appellant's third issue against him.

In his fourth issue, appellant complains the trial court erred by failing to instruct the jury to disregard an improper jury argument by the prosecutor. At the conclusion of the guilt-innocence phase of trial, the prosecutor argued as follows: "The defense counsel referred to the defendant's freedom at stake. Three to four times I heard the word freedom at stake. You heard [the other prosecutor] get up before the closing about probation and what's likely in this case. Probation is." Appellant objected, and the trial judge stated, "Punishment is not a relevant issue at this point in time." When defense counsel asked for a ruling on his objection, the trial judge said it was sustained. When defense counsel asked that the jury be instructed that the prosecutor's comment was "improper and should not be considered," the judge stated, "The Court has already instructed the jury." Thereafter, the trial court denied appellant's motion for mistrial.

■ Proper jury argument must encompass one of the following: (1) a summation of the evidence presented at trial, (2) a reasonable deduction drawn from that evidence, (3) an answer to the opposing counsel's argument, or (4) a plea for law enforcement. *Shannon v. State*, 942 S.W.2d 591, 597 (Tex.Crim.App.1996). To constitute reversible error, jury argument must be extreme or manifestly improper or inject new and harmful facts into evidence. In most cases, if error occurs, an

instruction to disregard will cure any error committed. *Id.*

■ Here, the prosecutor's reference to probation during the guilt-innocence phase of trial was improper. Nevertheless, the trial judge answered appellant's objection by stating that punishment was irrelevant at that point in the trial. Moreover, when appellant asked that the jury be instructed to disregard the comment, the trial judge responded specifically before the jury that he had already instructed the jury that punishment matters were irrelevant to a guilt-innocence determination. The prosecutor then abandoned that line of argument. We conclude the trial court's statement to the jury was an instruction contextually informing the jury that the issue of probation could not be considered in its determination of guilt. We also conclude the trial court's specific admonition to the jury cured any harm that may have attended the prosecutor's argument. *See Bruton v. State*, 921 S.W.2d 531, 536 (Tex.App.-Fort Worth 1996, pet. ref'd). We resolve appellant's fourth issue against him.

■ In his final issue, appellant complains that the jury's verdict is "erroneous as a matter of law." He argues that the jury's verdict is contrary to the reasonable doubt instruction included in the jury charge. We note the trial court's reasonable doubt instruction is consistent with that mandated by *Geesa v. State*, 820 S.W.2d 154, 162 (Tex.Crim.App.1991). The court of criminal appeals, however, has disavowed the requirement of a *Geesa* reasonable doubt instruction in a jury charge. *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex.Crim.App.2000). Appellant, in making his argument, relies on the following dicta from *Paulson:* "If a conscientious juror reads the *Geesa* charge and follows it literally, he or she will never convict anyone. . . . So to convict, a juror

must either ignore the definition, refuse to follow it, or stretch it to say something it does not say." *Id.* at 572. Appellant contends, based on this dicta, that because the jury charge contained a *Geesa* instruction defining reasonable doubt, the jurors could not have followed the instruction and still convicted him.

We have examined *Paulson* closely. The court of criminal appeals did not hold in *Paulson* that merely giving the reasonable doubt instruction constitutes reversible error. In fact, the court expressly stated that if both parties agree to submit a *Geesa* instruction to the jury, the instruction is not reversible error. The court did conclude, however, that the *"better practice* is to give no definition of reasonable doubt at all to the jury." *Id.* at 573 (emphasis added). The *Paulson* dicta does not compel the conclusion that the jury's verdict in this case is erroneous as a matter of law.

Moreover, appellant did not object to the *Geesa* instruction. In fact, appellant's trial counsel specifically argued to the jury about how the reasonable doubt instruction applied in the case. Based on the record before us, we conclude appellant's conviction is not erroneous as a matter of law. We resolve appellant's fifth issue against him.

We affirm the trial court's judgment.