NUMBER 13-04-285-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

JOSE GILBERTO HORTA,                                                              Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

          On
appeal from the 404th District Court of Cameron County, Texas.

 

                                MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza

                            Memorandum
Opinion by Justice Garza

 








Appellant, Jose Gilberto Horta, was indicted for
aggravated assault and aggravated assault with a deadly weapon.  See Tex.
Pen. Code Ann. '' 22.01, 22.02 (Vernon Supp. 2004-05).[1]  Appellant pled not guilty.  After a jury trial, appellant was found
guilty of both counts.  The trial court
assessed punishment at fifteen years= imprisonment in the Texas Department of Criminal
Justice-Institutional Division.  

On November 17, 2002, appellant allegedly hit his
wife, Alma Dominguez, with his vehicle=s door as he backed out of a driveway at a
restaurant.  According to Dominguez=s testimony, they had been arguing earlier that
day.  When they arrived at the
restaurant, they continued arguing and remained in the vehicle for about
forty-five minutes.  Dominguez, who was
in the front passenger seat, got out of the vehicle and stood outside the
vehicle for a moment before deciding to retrieve her purse.  According to Dominguez, appellant watched her
as she stood outside of the vehicle and as she reached in for her purse.  Dominguez testified that, as she reached in
for the purse, appellant started the vehicle and backed it up.  The open door hit Dominguez and knocked her
down to the ground.  After the incident,
appellant picked up Dominguez and attempted to force her into the vehicle.  As he did so, he stated that he had to leave
before the police arrived.[2]  Appellant then shoved Dominguez aside and
fled the scene of the incident. 
Dominguez was severely hurt and required surgery.        








On appeal, appellant contends that (1) he was harmed
by the State=s violation of the motion in limine, (2) Officer
Culver=s statement that the victim in this case was a
victim of family violence provided the jury with an improper conclusion by a
non-expert that appellant was guilty of the offenses charged, (3) the evidence
showing that he backed the vehicle up and hit Dominguez is factually
insufficient to convict him of intentionally assaulting her with the vehicle,
and (4) the State committed an improper jury argument when it praised Dominguez=s testimony and told the jurors they would be
calling her a liar if they found appellant not guilty.    

Motion in Limine

Motions in limine do not preserve error.  See Webb v. State, 760 S.W.2d 263, 275
(Tex. Crim. App. 1988) (en banc).  This
is true whether the motion is granted or denied.  Willis v. State, 785 S.W.2d 378, 384
(Tex. Crim. App. 1989) (en banc); Webb, 760 S.W.2d at 275.  A ruling on a motion in limine does not
purport to be one on the merits but a ruling regarding administration of the
trial.  See Harnett v. State, 38
S.W.3d 650, 655 (Tex. App.BAustin 2000, pet. ref=d). 

The remedy for a violation of a ruling on a motion
in limine rests with the trial court.  Brazzell
v. State, 481 S.W.2d 130, 131 (Tex. Crim. App. 1972).  The trial court may hold the litigant or
attorney in contempt or use other remedies or sanctions.  See Harnett, 38 S.W.3d at 655.  Even if there has been a violation of the
order on the motion in limine, a party must object to the admission or exclusion
of evidence or other action in order to preserve error for appeal as to the
evidentiary ruling.  Id.  A trial court=s
determination on the admissibility of evidence is reviewed for an abuse of
discretion.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (en banc) (op. on reh=g).  








To preserve a complaint for appellate review, a
party must present a timely request, objection, or motion to the trial court
stating the specific grounds for the desired ruling if the specific grounds are
not apparent from the context.  Tex. R. App. P. 33.1; see Blue v.
State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (en banc).  Generally, a party=s failure to timely and specifically object at trial
waives error.  See Blue, 41 S.W.3d
at 131. Specifically, a timely objection is required to preserve error in the
admission of evidence.  Tex. R. App. P. 33.1(a); Dinkins v.
State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) (en banc).  To preserve error, the objecting party must
do the following until an adverse ruling is received: (1) object, (2) request
an instruction to disregard, and (3) move for a mistrial.  Coe v. State, 683 S.W.2d 431, 436
(Tex. Crim. App. 1984) (en banc). 

In his first issue, appellant complains of two areas
of testimony which he believes constituted a violation of the motion in
limine.  The first concerns the comment
on appellant=s probationary status at the time of the alleged
assault.  During her testimony, Maria
Culver, a detective with the Brownsville Police Department, mentioned in the
jury=s presence that appellant was served at the
probation office.[3]  The prosecutor asked Culver: 

Q:        Okay.  Do you know if that warrant was ever served
on Mr. Horta?

 

A:        Yes,
it was, because I guess about a year-and-a-half later I was called over at the
Westside Community Center where I was transferred to and they asked me if I had
a warrant out for him, and I said, AYes. It should be in the computer and there is a
hard copy somewhere.@  I went over
and I found it there at the main building, and they served it.  I believe he was served at the Probation
Office.

 








The second area of complained-of testimony pertains
to the testimony of Dominguez.  Appellant
contends that the State violated the motion in limine when Dominguez referred
to allegedly violent conduct committed by appellant on other occasions. The
prosecutor asked Dominguez: 

Q:        Okay.  And so after you left, did you twoBwere you discussing anything on the way to
Brownsville? 

 

A:        Yes.
He was arguing with me because he wanted me to dedicate this entire day to
him.  And I said no.  On one occasion I had committed a
mistake.  And I told him that my mother
and my daughter came before him, that in the past he had behaved very badly
with me.    

 

This Court has reviewed the entire record in this
case, and paid particular attention to the testimony of which appellant now
complains.  There is no indication in the
record that the complained-of testimony, even if inadmissible, was so unduly
prejudicial or emotionally inflammatory that it could not be cured by a jury
instruction to disregard.  See Lusk v.
State, 82 S.W.3d 57, 60 (Tex. App.BAmarillo 2002, pet. ref=d). 
Generally, courts have acknowledged that testimony or evidence referring
to extraneous offenses can be cured by such instructions.  See id. (stating that testimony, as it
related to extraneous offenses and to appellant=s
guilt for assault, was not such that its effect was incurable by the jury being
instructed to disregard); see also Dooley v. State, 65 S.W.3d 840,
843 (Tex. App.BDallas [5th Dist.] 2002, pet. ref=d) (holding that the trial court=s instruction to the jury to disregard prosecutor=s reference to probation cured any harm).  The record does not show that appellant=s trial counsel ever requested a jury instruction to
disregard the complained-of testimony. 
Instead, counsel insisted that the court declare a mistrial.  Under such circumstances, a mistrial would
have been appropriate only if the testimony was so clearly calculated to
inflame the minds of the jury and of such a nature as to suggest the
impossibility of withdrawing the impression created.  See Lusk, 82 S.W.3d at 60.  This is not the case here.  








In regards to Officer Culver=s testimony, the entirety of this testimony relates
to where appellant was served.  The
reference to being served at the probation office was general and there is no
indication that it was deliberately elicited by the State, as the question
asked if, and not where, appellant was served. 
Likewise, there is no indication that the complained-of testimony from
Dominguez was solicited deliberately. 
Given how routinely such testimony has been cured by instructions to
disregard, in our estimation, the trial court did not abuse its discretion in
denying the motion for mistrial.  See
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999) (stating that trial
court=s denial of a motion for mistrial is reviewed for
abuse of discretion).  

We also overrule appellant=s sub-issue, which complains that the State=s line of questioning amounted to prosecutorial
misconduct.  In order to preserve error
in cases of prosecutorial misconduct, the defendant must (1) make a timely and
specific objection, (2) request an instruction that the jury disregard the
matter improperly placed before it, and (3) move for a mistrial.  Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996).  Appellant did
not specifically object based upon the theory of prosecutorial misconduct
during the trial.  See Tex. R. App. P. 33.1(a).  Although trial counsel objected to the
complained-of testimony, the objection was not on the basis of prosecutorial
misconduct.  Therefore, appellant=s objection did not adequately inform the trial
court of the complaint now urged on appeal.  Jackson v. State, 516 S.W.2d 167, 175
(Tex. Crim. App. 1974).  Thus, the failure
to make a specific objection at trial based upon prosecutorial misconduct
precludes our review based on this theory. 
See id.     

We overrule appellant=s
first issue. 








Officer Culver=s
Testimony

In his second issue, appellant contends that Officer
Culver=s testimony that Dominguez was a Avictim of family violence@ constituted an improper conclusion of guilt.  On appeal, appellant argues that Officer
Culver was not competent to render such a conclusion and that the prejudicial
effect of the evidence outweighed its probative value.[4]  In reviewing the admissibility of such
testimony, we review the trial court=s decision for abuse of discretion.  Powell v. State, 63 S.W.3d 435, 438
(Tex. Crim. App. 2001).  

Texas Rule of Evidence 701 allows opinion testimony
from a non-expert witness if the testimony is limited to those opinions or
inferences that are rationally based on the perception of the witness and
helpful to a clear understanding of his testimony or the determination of a
fact issue.  Tex. R. Evid. 701.  A
police officer may give lay opinion testimony if the testimony is based on his
own personal observations and experiences as a police officer.  See Solomon v. State, 49 S.W.3d 356,
364 (Tex. Crim. App. 2001).  

In the present case, the prosecutor asked Officer
Culver if she had a chance to talk to Dominguez.  Culver stated that she had and that A[Dominguez] was a victim of family violence.  [Dominguez] came in to file charges against
her husband.@  Appellant
objected to the testimony as being a legal conclusion as to guilt.  The objection was overruled.  Culver further testified that based upon her
conversation with Dominguez and her investigation of the claim, which included
Dominguez=s sworn statement and photographs of Dominguez=s injuries, she decided to obtain a warrant of
arrest.  








We find that the statement by Culver referring to
Dominguez as a victim of family violence was based upon her personal
observations and experience as a police officer working in the family violence
division.  The testimony more
appropriately suggests that the State was asking Culver to elaborate on the
events leading up to obtaining and actually executing the warrant for appellant=s arrest. 
Therefore, Culver=s perception of Dominguez as a victim of family
violence is admissible.  See Tex. R. Evid. 701.[5]  We cannot conclude the trial court abused its
discretion in admitting this testimony. 
Moreover, in light of the overwhelming evidence of guilt,[6]
as well as the admission of similar testimony without objection, error, if any,
was harmless.  See Tex. R. App. P. 44.2(b).[7]       

Factual Sufficiency








In his third issue, appellant contends that the
evidence is factually insufficient to support his conviction for assault.[8]  Sufficiency of the evidence is measured
against the elements of the offense as defined by the hypothetically correct
jury charge for the case.  Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would accurately set out the
law, would be authorized by the indictment, and would not unnecessarily
increase the State's burden of proof.  Id.  Appellant maintains that the evidence adduced
at trial by the State is insufficient because it does not prove that appellant
intentionally assaulted Dominguez with his vehicle.[9]


In a factual sufficiency review, the evidence is
viewed in a neutral light, favoring neither party.  See Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996) (en banc).  In
this neutral light, we determine whether Athe proof of guilt is so obviously weak as to
undermine confidence in the jury=s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.@  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  A clearly wrong and unjust verdict occurs
where the jury=s finding Ashocks the conscience@ or Aclearly demonstrates bias.@  Santellan
v. State, 939 S.W.2d 155, 164‑65 (Tex. Crim. App. 1997).  We are authorized to disagree with the fact
finder=s verdict even if probative evidence exists that
supports the verdict.  Id. at 164;
see also Johnson, 23 S.W.3d at 7.








Viewed in a neutral light, the
proof of guilt in this case is not so obviously weak as to undermine confidence
in the fact‑finder=s determination. 
The only testimony presented at trial regarding the incident was from
Dominguez.  The testimony stated, in
relevant part, that while at the restaurant, and while arguing with appellant,
Dominguez exited the vehicle and stood by the passenger door with the door
partially open.  Appellant watched
Dominguez as she reached in to retrieve her purse.  When she was reaching in for her purse,
appellant asked Dominguez why she hated him so much.  Then while Dominguez was still partially in
the vehicle, appellant turned the vehicle on and reversed the vehicle causing
the vehicle=s door to knock Dominguez down.  The vehicle struck Dominguez on her chin and
leg.  After the incident, appellant
attempted to push Dominguez into the vehicle before police arrived.  Appellant then fled the scene leaving
Dominguez in the parking lot.  Appellant
later asked Dominguez to tell police that the incident was an accident.         








Appellant contends that this
evidence alone is insufficient because a completely opposite conclusion is
probable.[10]  However, a factual sufficiency challenge will
not necessarily be sustained because the record contains conflicting evidence
upon which the fact finder could have reached a different conclusion.  Santellan, 939 S.W.2d at 164.  Moreover, the trier of fact is the sole judge
of the witnesses= credibility and the weight to be given their
testimony, and it is free to accept or reject all or any part of the testimony
of any witness.  See Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Based on the above testimony, the jury could have
inferred that appellant intentionally, knowingly, or recklessly caused bodily
injury to Dominguez.  See Tex. Pen. Code Ann. ' 22.01; see also Guevara v. State, 152
S.W.3d 45, 50 (Tex. Crim. App. 2004).  We
find that the jury=s finding is not Amanifestly
unjust,@ does not Ashock the conscience,@ or Aclearly demonstrate bias.@  Santellan,
939 S.W.2d at 164-65.  As such, the
verdict is not Aso contrary to the overwhelming evidence as to be
clearly wrong and unjust.@  Id.  Appellant=s third issue is overruled.

Jury
Argument

In his fourth issue, appellant contends that the
prosecutor=s closing argument amounted to reversible error
because the prosecutor told the jury that a non-guilty verdict would be
tantamount to telling Dominguez that she was a liar, especially in view of her
willingness to testify at trial.  

Proper jury argument falls
within one of four categories: (1) summation of the evidence, (2) reasonable
deduction from the evidence, (3) answer to the arguments of opposing counsel,
and (4) a plea for law enforcement.  Coleman
v. State, 881 S.W.2d 344, 358 (Tex. Crim. App. 1994) (en banc).  Defense counsel objected to the complained-of
jury argument on the grounds that it did not fall within any of the four
categories.  The court sustained the
objection and instructed the jury to disregard the comment.  Defense counsel did not move for
mistrial.  

On appeal, appellant urges that
the prosecutor=s argument was so prejudicial that the instruction
to disregard could not have cured the harm. 
The State contends that appellant=s failure to move for mistrial waives any
error.  We agree.  








To preserve error for improper
jury argument, a party must object to the argument, request an instruction to
disregard, and then move for a mistrial.  See Tex.
R. App. P. 33.1; Mathis v. State, 67 S.W.3d 918, 926‑27
(Tex. Crim. App. 2002); Cockrell, 933 S.W.2d at 89.  Before a defendant will be permitted to
complain on appeal about an erroneous jury argument or that an instruction to
disregard could not have cured an erroneous jury argument, he will  have to show he objected and pursued his
objection to an adverse ruling.  Valencia
v. State, 946 S.W.2d 81, 82‑3 (Tex. Crim. App. 1997) (op. on reh=g); Cockrell, 933 S.W.2d at 89.  Appellant=s
failure to pursue to an adverse ruling on his objection to the jury argument
forfeits his right to complain about the argument on appeal.  See Cockrell, 933 S.W.2d at 89.[11]  We overrule appellant=s fourth issue. 

Having overruled all of
appellant=s issues, we affirm the trial court=s judgment.

 

_____________________

DORI
CONTRERAS GARZA,

Justice

 

Do
not publish.                                              

Tex. R. App. P. 
47.2(b)

Memorandum
Opinion delivered and 

filed
this the 31st day of August, 2005.











[1] The offenses appellant was convicted
of occurred on November 17, 2002, and appellant was tried in April 2004.  Effective September 1, 2003, the legislature
amended sections 22.01and 22.02 of the Texas Penal Code.  Because the amendments to these sections
do not change the portions of the statutes relevant to this case, we cite to
the current version of the statutes.





[2] Dominguez testified that appellant
told her that he was on probation and had to leave before police arrived.  At some point after the incident, appellant called
Dominguez and asked her to tell the police that the incident was only an
accident.   





[3] Within this complained-of
testimony, appellant seems to take issue with a comment by Officer Culver that
Dominguez had visited her at her office to file a family violence complaint
against appellant.  However, appellant=s brief refers us to testimony
wherein Officer Culver testified that she Awasn=t working family violence anymore.@ 
Because both of the above statements are in the record, we will address
both.  As to the testimony relating to
Dominguez=s visit with Officer Culvert to
file a family violence complaint, the record reflects that defense counsel
objected to the testimony on grounds that the testimony called for a legal
conclusion (appellant has raised this contention in a separate issue), and not
on the grounds presented in this issue (that the testimony prejudiced
appellant).  Because appellant=s objection at trial does not
comport with the objection on appeal, any error (as it applies to this first
issue) is waived.  See Rezac v. State,
782 S.W.2d 869, 870 (Tex. Crim. App. 1990) (en banc).  The latter testimony, which appellant=s brief directs us to, has not been
preserved for review because appellant failed to make an objection to the
testimony.  See Tex. R. App. P. 33.1; see also
Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.BCorpus Christi 1989, pet.
ref'd).         





[4] At trial, appellant objected to
the testimony on the basis that the officer was stating a legal conclusion;
however, on appeal, appellant is also complaining that the testimony was so
prejudicial and inflammatory that it was error to admit it.  This complaint on appeal does not comport
with appellant=s objection during trial, and he
has therefore failed to preserve error, if any, pertaining to the alleged
prejudicial effect.  See Sterling v.
State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990) (en banc).  





[5] Appellant seems to also raise the
argument in the context of Texas Rule of Evidence 702, which provides that
testimony pertaining to Ascientific, technical or other
specialized knowledge@ may be provided by an expert.  See Tex.
R. Evid. 702.  However, the
complained-of testimony was not one of scientific, technical or specialized
knowledge and was therefore admissible through lay witness testimony under rule
701.  See Tex. R. Evid. 701.      






[6] See our discussion, infra,
addressing appellant=s factual sufficiency challenge. 





[7] Officer Culver was recalled to the
witness stand and during the prosecutor=s redirect examination was questioned as follows:  

 

[PROSECUTOR]:
          Okay.  And after speaking to Ms. Dominguez, you had
a belief.  That=s all that was required for the
warrant.  You had the belief that
[appellant] had committed this crime andBdid you not? 

 

[OFFICER
CULVER]:     Yes.  

 

After this exchange,
no objection was lodged by appellant. 
Therefore, any error in the admission of Officer Culver=s testimony was waived when the
same or similar evidence came in later without objection.  See Richardson v. State, 83 S.W.3d
332, 352 (Tex. App.BCorpus Christi 2002, pet. ref'd). 





[8] The penal code defines assault as Aintentionally, knowingly, or
recklessly causing bodily injury to another including a person=s spouse.@ Tex.
Pen. Code Ann. ' 22.01(a)(1) (Vernon Supp.
2004-05).  While appellant was convicted
of both assault and aggravated assault, he has only challenged the sufficiency
of his conviction as it pertains to assault under section 22.01.  We will limit our review accordingly.  





[9]A person acts intentionally, or
with intent, with respect to the nature of his conduct or to a result of his
conduct when it is his conscious objective or desire to engage in the conduct
or cause the result.   Tex. Pen. Code Ann. ' 6.03(a) (Vernon 2003).  Intent may be inferred from circumstantial
evidence such as acts, words, and the conduct of the appellant.  Guevara v. State, 152 S.W.3d 45, 50
(Tex. Crim. App. 2004).

 





[10] Appellant asserts that the jury
could have found that Dominguez=s injuries were caused because appellant was unaware that
she was standing in a position where she could be hit by the vehicle.   





[11] See also Cook v.
State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (en banc) (stating that
when appellant has been given all the relief he requested at trial, there is
nothing to complain of on appeal).  In
the present case, appellant=s objection was sustained, and the jury was instructed to
disregard the comment.  However,
appellant did not move for mistrial. 
Since appellant was given all the relief requested at trial and did not
get an adverse ruling, there is nothing for this Court to review.  See Cockrell v. State, 933 S.W.2d 73,
89 (Tex. Crim. App. 1996).