**Opinion filed November 30, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00327-CR

_____

### PAUL MUNOZ III, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR39214**

### M E M O R A N D U M   O P I N I O N

The jury convicted Paul Munoz III of two counts of theft over $1,500 or more but less than $20,000. *See* TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2016); former PENAL CODE § 31.03(e)(4)(A) (2011). Appellant pleaded true to one enhancement paragraph, and the trial court assessed his punishment at confinement for ten years on each count. Appellant presents four issues on appeal. We affirm.

In Appellant's first issue, he argues that the evidence is insufficient to sustain his conviction. In his second issue, Appellant contends that his due process rights were violated. In Appellant's third issue, he asserts that the trial court abused its discretion when it admitted evidence of extraneous offenses. In Appellant's fourth issue, he argues that the State engaged in improper closing arguments when it asserted matters not in evidence.

We review the sufficiency of the evidence, whether denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

In April 2010, Daniel Ruiz took his son's 2002 Chevrolet Camaro to Appellant's auto repair shop to have the engine replaced. Appellant and Ruiz were friends. Although Appellant quoted a fee of $2,000 to Ruiz, the written estimate provided for a cost of $1,300 for the engine and $750 for labor. Ruiz paid Appellant $1,300 up front to order the engine. In May, Ruiz paid $300 for "shipping costs" for the engine. In July, Appellant requested $500 more, and Ruiz paid him. In total, Ruiz paid $2,100 in cash.

Ruiz went to Appellant's shop "[a]t least twice a month" to check on the status of the repair. Appellant gave him excuses about why Appellant had not yet repaired the Camaro. Appellant claimed that he had problems with the engine that he ordered and that he had to ship it back and reorder it. After the Camaro was in the shop for about three months, Ruiz began to record the conversations that he had with

Appellant. In the recordings, Appellant complained that he had had a bad year, that he had had to take the Camaro to another mechanic to be repaired, that he was waiting on customers who owed him money to receive their income tax returns so that they could pay him, and that he was waiting on a $6,000 check to clear.

In November of 2010, the Camaro had been in Appellant's shop for at least six months, and Ruiz agreed to sell the car to Appellant for $4,000. However, Appellant never paid any money toward the purchase of the car. In March of 2011, after a discussion with the police, Ruiz sent a demand letter to Appellant and asked for the agreed-upon sale price of $4,000. Ruiz did not receive any money from Appellant.

Ruiz went to Appellant's body shop on the first day of trial and took a photograph of the Camaro. Ruiz said that the Camaro was "all taken apart; no engine, no transmission, parts missing, the hood's gone. I mean it's in bad shape."

Under Section 31.03 of the Texas Penal Code, a person commits theft if he "unlawfully appropriates property with intent to deprive the owner of property." PENAL § 31.03(a). Appropriation of property is unlawful if it is without the owner's effective consent, and consent is not effective if it is "induced by deception." *Id.* §§ 31.01(3)(A), 31.03(a). To deprive an owner of property means "to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner." *Id.* § 31.01(2)(A). The Texas Penal Code defines "deception" as:

> (A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that the actor does not believe to be true;

> (B) failing to correct a false impression of law or fact that is likely to affect the judgment of another in the transaction, that the actor previously created or confirmed by words or conduct, and that the actor does not now believe to be true;

. . . .

> (E) promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

*Id.* § 31.01(1).

To support a conviction for theft by deception, there must be evidence that shows that, at the time of the customer's voluntary payment, the accused intended, or knew, that he would not perform. *Taylor v. State*, 450 S.W.3d 528, 536 (Tex. Crim. App. 2014).

Appellant argues that the evidence is insufficient because he had a reasonable mistaken belief about the "costs for repairs and availability of parts." Appellant contends that, because of this mistaken belief, he did not possess the sufficient *mens rea* required for the commission of the offense. "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." PENAL § 8.02(a) (West 2011). It is not an affirmative defense upon which the defendant bears the burden of proof. *See id.* § 2.04; *see also Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991) (distinguishing defensive claims upon which the State bears the burden of persuasion and affirmative defenses upon which the defendant bears the burden of proof). Appellant also stresses that there was not a timetable for the work to be completed. The State argues that no evidence was presented at trial that, at the time Appellant entered into the contract, he was mistaken about "costs for repairs and availability of parts." Therefore, the State asserts that the evidence was sufficient to support the conviction.

We agree with the State. The evidence established that Ruiz paid Appellant $1,300 in advance to order the engine and, at the request of Appellant, an additional $800 over the next few months. Appellant gave Ruiz many excuses as to why he had not completed the repair and, as recorded in the audio recordings between Ruiz and Appellant, continued to give Ruiz excuses as to why he had not paid Ruiz the agreed-upon amount to purchase the Camaro. Additionally, by the time of trial, it had been four and one-half years since Ruiz took the car to Appellant and paid him $2,100 for work that was never completed. Appellant never returned the car to Ruiz, nor did Appellant pay any money to Ruiz for the sale of the car.

At trial, the State presented evidence of Appellant's prior theft convictions. The evidence included a conviction for theft by deception, over $1,500, for failure to repair a Chevrolet Tahoe and a conviction for theft by deception, over $1,500, for failure to install four tire rims and four tires. Section 31.03 provides, "[E]vidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent." PENAL § 31.03(c)(1). The evidence of Appellant's prior theft convictions and failure to perform contractual obligations revealed a pattern that the jury could have considered to conclude that, at the time Ruiz brought the Camaro in to have the engine replaced, Appellant did not intend to fulfill his contractual obligation to repair Ruiz's car. *See Taylor*, 450 S.W.3d at 538. Further, there was no evidence presented at trial to show that Appellant was mistaken about the costs of the repairs and the availability of parts. Appellant did not raise the defense of mistake of fact nor request a mistake-of-fact instruction in the jury charge. Accordingly, viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found all of the elements of the offense of theft by deception beyond a reasonable doubt. Thus, the evidence is sufficient to support Appellant's conviction. Appellant's first issue is overruled.

In Issue Two, Appellant argues that, because the evidence was insufficient, Appellant was denied due process of law. The Due Process Clause of the Fourteenth Amendment guarantees that no person may be convicted of a criminal offense and denied his liberty unless his criminal responsibility for the offense is proved beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970); *Alvarado v. State*, 912 S.W.2d 199, 206–07 (Tex. Crim. App. 1995); *see* U.S. CONST. amend. XIV. We held in Issue One that the evidence was sufficient to support Appellant's conviction. Therefore, Appellant was not denied due process of law. Issue Two is overruled.

Appellant argues in Issue Three that the trial court erred when it allowed evidence of extraneous bad acts to be admitted into evidence to show intent. In his brief, Appellant generally complains about the admission of evidence that involved "'insufficient' checks" allegedly written by Appellant. However, Appellant does not direct us to the place in the record where the trial court admitted the complained-of evidence. We have reviewed the record, and based on our review of the record, State's Exhibit Nos. Seven and Fourteen are the only exhibits that involve insufficient funds or checks. The record shows that Appellant objected to the admission of State's Exhibit Nos. Seven and Fourteen and that the trial court sustained Appellant's objections and did not admit these exhibits into evidence during the guilt/innocence phase of trial. State's Exhibit Nos. Nine through Thirteen contained judgments for theft convictions and were admitted as evidence. However, the record does not show that any of the exhibits admitted during the guilt/innocence phase of trial involved "'insufficient' checks." To preserve error for appellate review, a party must make a timely, specific objection and obtain an adverse ruling from the trial court. *See* TEX. R. APP. P. 33.1(a); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). Because Appellant did not obtain an adverse ruling, no error is preserved. *See Dooley v. State*, 65 S.W.3d 840, 842 (Tex. App.—Dallas 2002, pet. ref'd). Therefore, because Appellant did not receive an adverse ruling on

the evidence that involved insufficient funds or checks, he has failed to preserve this issue for our review.  Appellant's third issue is overruled.

In Issue Four, Appellant argues that "the prosecutor improperly stated during closing remarks during the punishment phase of the trial that there were '**potentially**' others who had gone unpaid" by Appellant.  We agree with the State that Appellant failed to preserve the issue for our review.  As a prerequisite to presenting a complaint for appellate review, the record must show that "the complaint was made to the trial court by a timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1).  Defense counsel did not object to the prosecutor's argument that there were "potentially" others.  Therefore, Appellant has waived this complaint.  We overrule Appellant's fourth issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


November 30, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.