**AFFIRMED and Opinion Filed March 12, 2020**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-19-00115-CR**

_____

**MARCO ANTONIO CASTILLO ALVARADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1620876-V**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Carlyle
Opinion by Justice Bridges

A jury convicted appellant Marco Antonio Castillo Alvarado of aggravated robbery and sentenced him to thirty-five years' imprisonment. In a single issue, he argues the trial court abused its discretion by overruling the State's improper jury argument. We affirm. Because the applicable law is well-settled, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

In the early morning hours of November 28, 2016, appellant and several other men entered the complainant's home through the back door of an open garage. They wore masks and pointed guns at her while they rummaged through her home and

stole various items, including her purse with her wallet, identification, and credit cards.

At one point, the men forced her at gunpoint into her adult, disabled son's room. The men continued to rummage through items and stole several pairs of expensive sneakers and the son's cell phone. The men left, but returned shortly thereafter to steal more items.

When complainant and her son knew the men were gone, they went to a neighbor's home to call police. Complainant also notified her credit card company and discovered the cards had been recently used at a QT gas station and a Jack in the Box. Officers reviewed surveillance videos from the locations and obtained a description of a suspect vehicle.

The next day, the suspect vehicle, driven by Rodney Miller, was pulled over for traffic violations. During a consent search of the vehicle, the complainant's debit card was found in the center console. Her driver's license was later found under the front passenger seat.

Officers then went to Miller's home and obtained consent to search. Miller's brother, Khalil, and three other people, including appellant, were inside a bedroom. Also inside the bedroom with appellant, officers found a backpack on top of Khalil's bed. The backpack contained appellant's wallet along with zip ties, "facial coverings," gloves, and the son's cell phone. Three guns were inside a dresser

drawer. Officers also saw the complainant's credit cards and various other stolen items in the room.

Officers eventually arrested Khalil, appellant, and two other men for the offense. The State indicted appellant for aggravated robbery.

The case went to trial, and the jury heard testimony from both victims, investigating officers, and the Miller brothers. The defense emphasized the lack of physical evidence linking appellant to the case and the lack of any positive identification from the victims. The defense challenged the credibility of the Miller brothers and the alleged insufficient police investigation. At the conclusion of the guilt-innocence phase, the jury was instructed on law of the parties and accomplice witness testimony. The jury found appellant guilty.

In his sole issue, appellant argues the trial court abused its discretion by overruling the State's improper jury argument in which it attacked defendant over the shoulder of defense counsel.

We review a trial court's ruling on an objection to improper jury argument for an abuse of discretion. *Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004). Proper jury argument must encompass one of the following: (1) a summation of the evidence presented at trial, (2) a reasonable deduction drawn from that evidence, (3) an answer to the opposing counsel's argument, or (4) a plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011); *Dooley v. State*, 65 S.W.3d 840, 843 (Tex. App.—Dallas 2002, pet. ref'd).

When a prosecutor makes uninvited and unsubstantiated accusations of improper conduct directed toward a defendant's attorney in an attempt to prejudice the jury against the defendant courts refer to this as striking a defendant over the shoulders of his counsel. *See Whitney v. State*, 396 S.W.3d 696, 704 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Phillips v. State*, 130 S.W.3d 343, 355 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (op. on reh'g), *aff'd by* 193 S.W.3d 904 (Tex. Crim. App. 2006). Argument that strikes at a defendant over the shoulders of defense counsel is improper. *Whitney*, 396 S.W.3d at 704. This prohibition protects the defendant from improper prosecutorial character attacks on defense counsel. *Id*.

A prosecutor risks improperly striking at a defendant over the shoulders of counsel when the argument refers to defense counsel personally and when the argument explicitly impugns defense counsel's character. *Id*. An argument that is directed at the defendant, but not personally at defense counsel, is not a strike over the shoulders of counsel. *Id*. at 705. For an improper jury argument to mandate reversal, it must be extreme, violate a mandatory statute, or inject new facts into the record. *Brandley v. State*, 691 S.W.2d 699, 712–13 (Tex. Crim. App. 1985).

The State made the following argument during closing.

> Beware of false prophets, which come to you in sheep's clothing, but inwardly they are ravening wolves.

> And I think we've been through enough drama in the last two days to understand that we have a zealous

> advocate on the other side. And for the last day you've heard defense table do this.
>
> Marion [sic] Webster defines white noise as constant background noise, meaningless or distracting commotion or chatter. That is what white noise is defined as. And that is what you have seen for the last two days. You have seen a very active defense team try to distract you on why we're here.

Defense counsel then objected to the State "striking at my client over my shoulder," and the trial court overruled the objection.

Appellant argues reference to false prophets and white noise were both unwarranted, inflammatory, and prejudicial remarks striking at appellant over defense counsel's shoulder.

To preserve a complaint of improper jury argument on appeal, a defendant must object each time the alleged impermissible argument is made. *See Taylor v. State*, No. 05-05-00457-CR, 2006 WL 1545226, at *3 (Tex. App.—Dallas June 7, 2006, no pet.) (not designated for publication). Appellant did not object when the prosecutor subsequently made three similar remarks to "white noise" and "meaningless or distracting commotion or chatter, constant background noise." By not objecting each time the State made the alleged improper remarks, appellant waived any error. *Id.*; *see also* TEX. R. APP. P. 33.1.

However, we agree with appellant that the State's warning to "beware of false prophets, which come to you in sheep's clothing, but inwardly they are ravening

wolves," was improper.[1]  *See, e.g., Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) ("Although it is impossible to articulate a precise rule regarding these kinds of argument, it is fair to say that a prosecutor runs a risk of improperly striking at a defendant over the shoulder of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns [his] character.").[2]  The comment referred to defense counsel personally, and although not expressly saying so, the argument suggested defense counsel wanted to divert the jury from the truth.  The statement was an unsubstantiated accusation attempting to impugn defense counsel's character.  *Id*.; *see also Whitney*, 393 S.W.3d at 704. The trial court erred by not sustaining the objection.

We must now determine whether appellant was harmed and such error warrants reversal.  *Id*.  Improper jury argument error is non-constitutional in nature,

---

[1] The State does not readily concede error, but it also does not argue the prosecutor's statement falls within the four types of permissible arguments.  Instead, the State acknowledges that "to the extent the trial court erred by overruling the defense's objection to this comment," it was non-constitutional error.

[2] In *Mosley*, the prosecutor argued,

> There is only one route to the truth.  It is by traveling on the main road. That will take you to your proper destination.  But you must stay on the main road.  The defense has attempted to get to you off the main road, to divert you.  They don't want you to stay on the main road because they know where that will take you. . . . They want you to take a side road, a series of side roads, rabbit trails, and a rabbit trail that will lead you to a dead-end.  The truth is not there.

983 S.W.2d at 258.  The court of criminal appeals characterized the State's comments as "milder, merely indicating that the defense attorneys were attempting to use argument to divert the jury's attention or obscure the issues," but nonetheless assumed the argument was improper.  *Id*. at 259.  The prosecutor's statement in this appeal is more problematic than the comment in *Mosley* because the prosecutor not only speculated on defense counsel's truthfulness, but also attacked him personally by comparing him to a false prophet and ravening wolf.

and a non-constitutional error "that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b); *Freeman*, 340 S.W.3d at 728. To determine whether appellant's substantial rights were affected, we balance the severity of the misconduct (i.e., the prejudicial effect), any curative measures, and the certainty of conviction absent the misconduct. *Id.* at 728. We consider each factor in turn.

With respect to the severity of the argument, the prosecutor's comment was a very small portion of the State's entire closing argument at the guilt-innocence phase and was not emphasized. Further, the comment was not repeated by the State. *See Guy v. State*, 160 S.W.3d 606, 617 (Tex. App.—Fort Worth 2005, pet. ref'd) (concluding improper jury argument was harmless because, among other reasons, State did not repeat it or make any other reference to defense counsel). The comment did not suggest defense counsel manufactured evidence and did not contrast the State's ethical obligations with those of defense counsel, both of which the court of criminal appeals has condoned. *See Mosley*, 983 S.W.2d at 260. Viewing the State's closing argument as a whole, the argument did not amount to severe misconduct on the part of the State, but we do not condone the prosecutor's statement.[3]

The second factor is easily dispensed with, as no curative instruction was given because the objection was overruled.

---

[3] We note the prosecutor made the same statement without objection during closing argument of another recent appeal. However, the issue was not raised; therefore, we did not consider it. Because this appears to be a common analogy used by the State, we encourage the State to refrain from using it in the future.

As for certainty of conviction absent the State's comment, there was ample evidence supporting appellant's conviction. The jury heard evidence that two African American and two Hispanic males robbed complainant and her son at gun point. Although the men wore masks, the son could tell their skin tone from their uncovered necks. Consistent with this testimony, Khalil testified appellant spoke to complainant in Spanish during the invasion.

When the investigation led to Khalil's home and officers were given consent to search the home, they discovered appellant in a bedroom with several of the victim's stolen items. Officers also found guns and a backpack with appellant's wallet as well as zip ties, gloves, "facial coverings," and the son's cell phone. Although neither complainant nor her son positively identified appellant, Khalil confessed to his and appellant's involvement with the crime. Based on the evidence of appellant's participation in the aggravated robbery, ample evidence supported appellant's conviction absent the State's comment.

We conclude the prosecutor's isolated comment did not affect appellant's substantial rights and, therefore, it was harmless. We overrule appellant's sole issue.

The judgment of the trial court is affirmed.

Do Not Publish
Tex. R. App. P. 47.2(b)
190115F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

MARCO ANTONIO CASTILLO
ALVARADO, Appellant

No. 05-19-00115-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1620876-V.
Opinion delivered by Justice Bridges.
Justices Molberg and Carlyle
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 12, 2020