Albert Veal JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–02–00465–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 1, 2003.

**324**

Richard H. Branson, League City, for appellants.

Joel H. Bennett, Galveston, for appellees.

Panel consists of Justices YATES, HUDSON, and FROST.

## OPINION

J. HARVEY HUDSON, Justice.

Albert Veal Jackson was convicted by a jury of aggravated assault with a deadly weapon and sentenced to 30 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

## I. BACKGROUND

On the afternoon of July 22, 2001, Olga Nino was driving a pickup truck on I–45 South toward Galveston. As Nino was "coming through League City," a maroon Continental, driven by appellant, was behind the pickup truck. Nino wanted to change lanes because it was apparent the Continental wanted to go faster; because she could not change lanes safely, she remained in her lane. Nino testified that the next thing she knew, shots rang out and the Continental passed her on the passenger side; the driver was pointing a gun inside the cab of the truck. Nino got scared and slowed down. Nino then proceeded to get closer to try to get the license plate number. The driver of the Continental looked back at her and pointed the gun out the window, indicating for Nino to come closer; she became scared and backed off.

After hearing the shots fired, Nino called 911 on her cellular phone. While still on the phone with the dispatcher, Nino continued to follow the Continental at a safe distance until it was stopped by a State Trooper with the Texas Department of Public Safety.

In this appeal, appellant claims (1) the trial court erred in instructing the jury that the State was not required to prove guilt beyond all possible doubt; (2) the trial court commented on the weight of the evidence; (3) the evidence is legally and factually insufficient to support his conviction; (4) there was a fatal variance between the allegation of the victim's name in the indictment and the proof developed at trial; (5) the State did not prove venue was in Galveston County; and (6) the trial court erred in failing to enter a plea of "not true" to the enhancement paragraph on his behalf when he did not enter a plea.

## II. *GEESA* INSTRUCTION

■ In his first issue, appellant complains the trial court erred in instructing the jury that the State was not required to prove guilt beyond all possible doubt. The jury charge contained the following instruction:

It is not required that the prosecution prove guilt beyond all possible doubt. It is required that the prosecutor's proof excludes all "reasonable doubt" concerning the Defendant's guilt.

The reasonable doubt instruction was consistent with that required by *Geesa v. State,* 820 S.W.2d 154, 162 (Tex.Crim.App. 1991). Subsequently, the Court of Criminal Appeals in *Paulson v. State,* overruled that portion of *Geesa* requiring the trial courts to instruct juries on the definition of "beyond a reasonable doubt," instead finding "the better practice is to give no definition of reasonable doubt at all to the jury." 28 S.W.3d 570, 573 (Tex.Crim.App.2000). The *Paulson* court explained, however, that if both the State and the defense agree to give the *Geesa* instruction to the jury, it will not result in reversible error if the trial court includes the instruction in the charge. *Id. Paulson,* however, did not hold that giving the instruction, in the absence of an agreement between the State and the defense, would constitute reversible error. Accordingly, it was not error for the trial to include the instruction. *See Minor v. State,* 91 S.W.3d 824, 829 (Tex.App.-Fort Worth 2002, pet. filed); *Brown v. State,* 91 S.W.3d 353, 358 (Tex. App.-Eastland 2002, no pet.); *Carriere v. State,* 84 S.W.3d 753, 759 (Tex.App.-Houston [1st Dist.] 2002, pet. filed); *Dooley v. State,* 65 S.W.3d 840, 844 (Tex.App.-Dallas 2002, pet. ref'd). *But see Rodriguez v. State,* 96 S.W.3d 398, 405 (Tex.App.-Austin 2002, pet. ref'd) (holding it was error to include *Geesa* reasonable doubt instruction, but concluded such error was harmless); *Phillips v. State,* 72 S.W.3d 719, 721 (Tex.App.-Waco 2002, no pet.) (holding it was error to give *Geesa* reasonable doubt instruction in absence of agreement between State and defense, but such error did not cause harm); *Colbert v. State,* 56 S.W.3d 857, 859 (Tex.App.-Corpus Christi 2001, pet. granted) (holding that in absence of agreement by State and defendant to include *Geesa* instruction, submission of such instruction to jury constitutes reversible error).

■ Even if it were error for the trial court to give the reasonable doubt instruction to the jury, appellant has not shown that he was harmed by the instruction. Because defense counsel did not object, error, if any, does not require reversal unless it was so egregious and created such harm that appellant was denied a fair trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). We assay the actual degree of harm in light of the entire jury charge, the state of the evidence (including the contested issues and weight of probative evidence), the argument of counsel, and any other relevant information revealed by the trial record. *Id.*

■ Appellant complains that the inclusion of the *Geesa* instruction lessened the State's burden of proof, confused the jury, and negated the statutory language found in TEX. PEN.CODE ANN. § 2.01 (Vernon 2003) and TEX.CODE CRIM. PROC. ANN. art. 38.03 (Vernon Supp.2003).[1] To the con-

---

1. The language contained in both TEX. PEN. CODE ANN. § 2.01 and TEX.CODE CRIM. PROC. ANN. art. 38.03 is identical:

All persons are presumed to be innocent and no such person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the

trary, the instruction, "it is not required that the prosecution prove guilt beyond all doubt," does not lessen the State's burden of proof, confuse the jury, or negate the statutory burden of proof language, particularly in view of the next sentence, "it is required that the prosecution's proof excludes all 'reasonable doubt,'" which correctly states the State's burden of proof. *See Carriere*, 84 S.W.3d at 759 (holding reasonable doubt instruction does not lessen State's burden of proof). Appellant has failed to show egregious harm and his first issue is overruled.

### III. COMMENT ON THE WEIGHT OF THE EVIDENCE

 In his second issue, appellant complains the trial court commented on the weight of the evidence by including the *Geesa* reasonable doubt instruction. The jury charge should set forth the applicable law of the case without expressing an opinion on the weight of the evidence, summing up the testimony, or discussing the facts or using jury argument to arouse the sympathy or the passions of the jury. *McGowan v. State*, 938 S.W.2d 732, 738 (Tex.App.-Houston [14th Dist.] 1996), *aff'd*, 975 S.W.2d 621 (Tex.Crim.App.1998). A charge that assumes the truth of a controverted issue is a comment on the weight of the evidence and is erroneous. *Whaley v. State*, 717 S.W.2d 26, 32 (Tex.Crim.App. 1986).

Appellant asserts the jury could have considered the "beyond all possible doubt" instruction as the trial court, in effect, informing the jury that it believed the State's evidence was sufficient to convict even if there were some doubt. In other words, appellant argues that by instructing the jury that the State was not required to prove guilt beyond all possible doubt, the court was instructing the jury that the

offense gives rise to no inference of guilt at

evidence was sufficient beyond a reasonable to convict appellant.

As explained above, the charge correctly sets forth the State's burden of proof; therefore, it is not a comment on the weight of the evidence. Appellant's second issue is overruled.

### IV. LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE

 In his third and fifth issues, appellant challenges the legal and factual sufficiency of the evidence supporting his conviction. When reviewing the legal sufficiency of the evidence, we must view the evidence in light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Wilson v. State*, 7 S.W.3d 136, 141 (Tex.Crim.App.1999). In conducting this review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure that the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993).

 When reviewing the claims of factual insufficiency, it is our duty to examine the jury's weighing of the evidence. *Clewis v. State*, 922 S.W.2d 126, 133, 134 (Tex.Crim.App.1996). In other words, we must view the evidence "without the prism of 'in the light most favorable to the prosecution'" and set aside the verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id.* at 129. Thus, when reviewing factual sufficiency challenges, appellate courts must determine "whether a neutral review of all of the evidence, both for and

his trial.

against the finding, demonstrates that the proof of guilt, is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000).

Appellant complains that the State did not prove beyond a reasonable doubt that he intentionally or knowingly threatened Nino with imminent bodily injury by pointing a gun at her. Appellant points out that there were two other people in the cab of the pickup truck driven by Nino. Nino testified that she saw appellant point a gun at the cab of the pickup truck, but did not state that appellant pointed the gun at her. Appellant argues that because there were two people sitting between Nino and the car passing on the passenger side of the pickup truck, if a gun had been pointed at anyone, it would have been at one of the other passengers sitting on the front seat.

Appellant further points out that, Juan Gonzalez, who was sitting in the bed of the pickup truck, testified that he saw the Continental following closely. Gonzales indicated to the driver of the Continental that there was no room to pass. Thereafter, the driver and Gonzales exchanged crude gestures. Gonzales testified the driver pointed the gun at him because they had exchanged gestures. Gonzales ducked down when the driver fired the gun. After the shooting stopped, Gonzales got up and saw the Continental passing with the driver holding the gun out the window. Bernardo Garcia, also sitting in the bed of the pickup truck, testified he thought the gun was pointed at Nino. Appellant argues, however, that the gun could have been pointed at one of the two passengers sitting on the front seat with Nino.

Natasha Battle was riding in the back seat of the Continental. She testified that appellant reached down and pulled out a gun. According to Battle, appellant stuck the gun outside the window and "shot it up in the air twice, and that's all." She does not think the gun was aimed at anyone.

It is not required that the gun be "pointed at" the complaining witness in order to complete the offense. Appellant pulled the gun from underneath the driver's seat, held the gun outside the window, and fired the gun. He passed the pickup truck, brandishing the gun at its occupants. Furthermore, appellant pointed the gun out the window and motioned for Nino to draw closer. These acts are sufficient to support a finding that appellant acted intentionally or knowingly in placing Nino in fear of bodily injury.

█ The jury is the sole judge of the facts, the credibility of the witnesses, and the weight to be given the evidence. *Beckham v. State*, 29 S.W.3d 148, 152 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd). Therefore, the jury may believe or disbelieve all or part of any witness's testimony. *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim.App.1998). Reconciliation of any conflicts in the evidence falls within the exclusive province of the jury. *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex.Crim. App.1995).

We conclude any rational trier of fact could have found that appellant acted intentionally or knowingly in placing Nino in fear of bodily injury. Moreover, viewing the evidence without the prism of in the light most favorable to the prosecution, we do not find the verdict so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Appellant's third and fifth issues are overruled.

## V. VARIANCE BETWEEN INDICTMENT AND PROOF AT TRIAL

In his fourth issue, appellant claims there was a fatal variance between the allegation of the victim's name in the indictment and the proof developed at trial. Appellant complains the proof at trial did not specifically show that a handgun had been pointed at Nino. A variance occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *Gollihar v. State,* 46 S.W.3d 243, 246 (Tex.Crim.App.2001). When there is a variance, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument. *Id.* If a variance exists between the allegations and proof, it may render the evidence insufficient to sustain the conviction. *Wray v. State,* 711 S.W.2d 631, 633 (Tex.Crim.App.1986). However, only a "material" variance will render the evidence insufficient. *Gollihar,* 46 S.W.3d at 257. A variance is material only if it (1) deprives the defendant of sufficient notice of the charges against him, or (2) subjects the defendant to the risk of subsequent prosecution for the same offense. *Id.*

Here, there is no variance between the indictment and the proof offered at trial. The indictment alleges that appellant did "intentionally and knowingly threaten Olga Nino with imminent bodily injury and did then and there use and exhibit a deadly weapon, to wit: a handgun." The indictment did not allege that appellant pointed a handgun at Nino. In any event, as alleged in the indictment, the evidence is sufficient to support appellant's conviction. Appellant's fourth issue is overruled.

## VI. VENUE

In his sixth issue, appellant challenges the proof of venue. Appellant asserts the State did not prove venue was proper in Galveston County. Failure to prove venue in the county of prosecution is reversible error. *Black v. State,* 645 S.W.2d 789, 791 (Tex.Crim.App.1983). Unless disputed in the trial court or the record affirmatively shows otherwise, we must presume venue was proved at trial. TEX.R.APP. P. 44.2(c)(1). A motion for directed verdict, complaining that the State failed to prove the elements of the offense as set forth in the indictment is insufficient to preserve the issue of venue. *Grant v. State,* 33 S.W.3d 875, 878 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). Appellant concedes that although he moved for acquittal, his motion merely alleged that the State failed to prove the elements of the offense, but did not specifically challenge venue. Appellant, therefore, failed to preserve his challenge to venue and accordingly, we must presume the State proved venue.

In any event, venue is proper in Galveston County. Although Nino informed the dispatcher that she was "coming through League City" when appellant fired the gun, appellant maintains that the exact location where the shot was fired is unknown. Appellant complains that although he was stopped in Galveston County, the evidence shows the shot that resulted in his indictment was fired in Harris County.

Assuming that it cannot be determined whether appellant fired the shot in Harris County or Galveston County, venue in Galveston County is proper under Article 13.19 of the Texas Code of Criminal Procedure, which provides that if an offense has been committed within the State and it cannot be readily determined in which county the offense occurred, trial may be held in the county in which the defendant resides, in the county in which the defendant was apprehended, or in the

county to which the defendant is extradited. Tex.Code.Crim. Proc. Ann. art. 13.19 (Vernon 1977). The evidence establishes, and appellant states in his brief, that appellant was apprehended in Galveston County, thereby making venue there proper. Appellant's sixth issue is overruled.

## VII. Plea to Enhancement Paragraph

In his seventh issue, appellant claims the trial court erred in failing to enter a plea of "not true" on his behalf to the enhancement paragraph when he did not enter a plea. The State did not read the enhancement paragraph at the beginning of the punishment stage; instead, the State reoffered the evidence from the guilt-innocence stage and proceeded to call the first witness, the latent fingerprint examiner. Appellant stipulated that the witness was an expert in fingerprint examination. After the fingerprint expert started testifying, the trial court asked counsel to approach the bench and informed them that the enhancement paragraph had not been read. The State then read the enhancement paragraph to the jury. When the trial court asked appellant how he pleaded to the enhancement paragraph, defense counsel stated, "We enter no plea in this." The trial court entered a plea of "not true" *on the docket sheet.*

When the trial court stated, "Let's start over," and asked appellant if he were stipulating that the witness was an expert on fingerprints, defense counsel stated, "Yes, Your Honor. . . . In fact, I wasn't going to make any objection to this, so you can offer this without objection and we will proceed on and not make the jury listen to the whole thing over again." Appellant further did not object to the admission of the fingerprint card or the penitentiary packet. Appellant testified that he had served time for the offense alleged in the enhancement paragraph.

With respect to the reading of the enhancement paragraph, Article 36.01 of the Texas Code of Criminal Procedure provides:

> The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

Tex.Code Crim. Proc. Ann. art. 36.01(a)(1) (Vernon Supp.2003). The reading of the enhancement paragraph is mandatory. *Ex parte Sewell,* 742 S.W.2d 393, 395 (Tex. Crim.App.1987); *Warren v. State,* 693 S.W.2d 414, 415 (Tex.Crim.App.1985). Until the part of the charging instrument that contains the enhancement allegations is read to the defendant and he pleads thereto, no issue is joined on which to enhance punishment. *Ex parte Sewell,* 742 S.W.2d at 395. However, error resulting from not reading the enhancement allegations and not entering a plea can be cured at trial. *Warren,* 693 S.W.2d at 416. Upon learning of the error, the enhancement paragraphs are read to the jury, the defendant enters a plea, and the State reintroduces, or the parties stipulate to, the evidence. *Id.; Welch v. State,* 645 S.W.2d 284, 285 (Tex.Crim.App.1983); *Peoples v. State,* 459 S.W.2d 868, 869 (Tex. Crim.App.1970); *Trammell v. State,* 445 S.W.2d 190, 193–94 (Tex.Crim.App.1969).

Appellant complains that the trial court's effort to correct the error of not initially reading the enhancement was only half successful. Appellant contends that when defense counsel stated, "We enter no plea in this," the trial court should have entered a plea of "not true" on his behalf. *See* Tex.Code Crim. Proc. Ann. art. 26.12 (Vernon 1989) (providing that "if the de-

fendant answers that he is not guilty, such plea shall be entered upon the minutes of the court; if he refuses to answer, the plea of not guilty shall in like manner be entered"). A review of the docket sheet, however, establishes that the trial court entered a plea of "not true" on behalf of appellant.[2] The trial court followed the correct procedure and we find no error.

Even if the trial court had erred, any such error is harmless. Any failure to read the enhancement paragraph and enter a plea of "not true" is non-constitutional error subject to harm analysis under Texas Rule of Appellate Procedure 44.2(b), which provides "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX.R.APP. P. 44.2(b).[3] In other words, after examining the record as a whole, the appellate court must disregard this error if it has fair assurance that the error did not influence the jury or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998).

Appellant stipulated to the expert witness, did not object to the admission of the fingerprint card or the penitentiary packet into evidence, and testified that he had served time for the offense contained in the enhancement paragraph. Appellant has failed to show that his substantial rights were violated. Appellant's seventh issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

---

**2.** The docket sheet states, "Enhancement read. No plea. Not true entered for D."

**3.** *Linton v. State*, 15 S.W.3d 615, 620 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd) (holding error in failing to read enhancement paragraphs and defendant's plea at beginning of punishment hearing is non-constitutional error).