NO. 07-03-0248-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 20, 2004


______________________________




MARY JANE GONZALES, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;



NO. A2817-0204; HON. ROBERT W. KINKAID, JR., PRESIDING


________________________________



Memorandum Opinion


________________________________



Before QUINN and REAVIS, JJ., and BOYD S.J. (1)

 In one issue, appellant Mary Jane Gonzales appeals her conviction for injury to a
child. She contends that the trial court should have granted her motion for an instructed
verdict because 1) the State failed to prove that the alleged offense occurred in Castro
County or 2) in the alternative, there is no evidence that venue was proper in Castro
County. We affirm the judgment of the trial court. 

 The failure to prove venue in the county of prosecution is reversible error. Black
v. State, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983). However, unless the matter is
disputed in the trial court or the record affirmatively shows otherwise, we must presume
that venue was proven. Tex. R. App. P. 44.2(c)(1); Jackson v. State, 105 S.W.3d 321, 328
(Tex. App.--Houston [14th Dist.] 2003, pet. ref'd). 

 Here, appellant did move for a directed verdict on the basis that the evidence was
insufficient "to prove all of the elements of the offense, injury to a child." However, in her
oral motion, nothing was said about venue. Indeed, the elements to which she alluded had
nothing to do with that topic. Given this and the rule that a general motion for directed
verdict like that at bar is insufficient to preserve any complaint about venue, Jackson v.
State, 105 S.W.3d at 328, we must conclude that the matter was not in dispute.

 Nor does the record affirmatively illustrate that venue was not established. For
instance, appellant herself introduced testimony indicating that she resided in Hart, Texas,
and the incident occurred in her home. We judicially notice that Hart, Texas, lies within the
boundaries of Castro County, the county specified in the indictment as the locale of the
crime. See Tex. R. Evid. 201(b) (permitting a court to take judicial notice of facts capable
of accurate and ready determination by resort to sources whose accuracy cannot
reasonably be questioned); 1.70 Acres v. State, 935 S.W.2d 480, 489 (Tex. App.
-Beaumont 1996, no writ) (stating that a court may take judicial notice of the location of
cities, counties, and boundaries because geographical facts such as these are easily
ascertainable and capable of verifiable certainty). Similarly, an officer testified that the
"event" happened in Castro County. The State also produced evidence that the first doctor
to examine the child victim provided services to the local hospital which was in the Castro
County Hospital District. Furthermore, the Hart, Texas, Police Department conducted the
investigation. Finally, documentation appearing of record indicated that appellant and her
daughter (i.e. the victim) maintained a post office box in Hart, Texas. Though appellant
may contend that the foregoing litany of evidence does not prove that the crime occurred
in Castro County, it nonetheless prevents us from concluding that the record affirmatively
illustrates that venue in Castro County was not established.

 In sum, neither element mentioned in Rule 44.2(c)(1) was satisfied. So, we must
presume that venue was established in the trial court, overrule appellant's issue, and affirm
the trial court's judgment.


 Brian Quinn 

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).