NO. 07-03-0248-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 20, 2004

_____

MARY JANE GONZALES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;

NO. A2817-0204; HON. ROBERT W. KINKAID, JR., PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD S.J.[1]

In one issue, appellant Mary Jane Gonzales appeals her conviction for injury to a child. She contends that the trial court should have granted her motion for an instructed verdict because 1) the State failed to prove that the alleged offense occurred in Castro

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

County or 2) in the alternative, there is no evidence that venue was proper in Castro County. We affirm the judgment of the trial court.

The failure to prove venue in the county of prosecution is reversible error. *Black v. State,* 645 S.W.2d 789, 791 (Tex. Crim. App. 1983). However, unless the matter is disputed in the trial court or the record affirmatively shows otherwise, we must presume that venue was proven. TEX. R. APP. P. 44.2(c)(1); *Jackson v. State,* 105 S.W.3d 321, 328 (Tex. App.--Houston [14th Dist.] 2003, pet. ref'd).

Here, appellant did move for a directed verdict on the basis that the evidence was insufficient "to prove all of the elements of the offense, injury to a child." However, in her oral motion, nothing was said about venue. Indeed, the elements to which she alluded had nothing to do with that topic. Given this and the rule that a general motion for directed verdict like that at bar is insufficient to preserve any complaint about venue, *Jackson v. State,* 105 S.W.3d at 328, we must conclude that the matter was not in dispute.

Nor does the record *affirmatively* illustrate that venue was not established. For instance, appellant herself introduced testimony indicating that she resided in Hart, Texas, and the incident occurred in her home. We judicially notice that Hart, Texas, lies within the boundaries of Castro County, the county specified in the indictment as the locale of the crime. *See* TEX. R. EVID. 201(b) (permitting a court to take judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *1.70 Acres v. State*, 935 S.W.2d 480, 489 (Tex. App. –Beaumont 1996, no writ) (stating that a court may take judicial notice of the location of cities, counties, and boundaries because geographical facts such as these are easily ascertainable and capable of verifiable certainty). Similarly, an officer testified that the

2

"event" happened in Castro County. The State also produced evidence that the first doctor to examine the child victim provided services to the local hospital which was in the Castro County Hospital District. Furthermore, the Hart, Texas, Police Department conducted the investigation. Finally, documentation appearing of record indicated that appellant and her daughter (*i.e.* the victim) maintained a post office box in Hart, Texas. Though appellant may contend that the foregoing litany of evidence does not prove that the crime occurred in Castro County, it nonetheless prevents us from concluding that the record *affirmatively* illustrates that venue in Castro County was not established.

In sum, neither element mentioned in Rule 44.2(c)(1) was satisfied. So, we must presume that venue was established in the trial court, overrule appellant's issue, and affirm the trial court's judgment.

Brian Quinn
Justice

Do not publish.