Affirmed and Memorandum Opinion filed August 30, 2007








Affirmed and Memorandum Opinion filed August 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00633-CR

____________

 

THOMAS EDWARD WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
Judicial District Court

Harris County, Texas

Trial Court Cause No.
1042082

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Thomas Edward Williams, of
delivery of less than one gram of a controlled substance.  After finding two
enhancement paragraphs true, the jury assessed punishment at twenty years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and a fine of
$5,000. Appellant contends the trial court erred by sustaining the State=s objection to a
question he propounded to a witness during cross-examination and by giving an
allegedly improper jury instruction on reasonable doubt in the jury charge. We
affirm. 








I. 
Factual and Procedural Background

Because appellant does not challenge the sufficiency of the
evidence, we outline the facts only briefly.

While working undercover in Southeast Houston on September
28, 2005, Houston Police Department (AHPD@) narcotics
officer Jim Goines observed appellant selling crack cocaine to another
individual.  After Goines called for uniformed back-up, appellant and the
purchaser were arrested.  On January 13, 2006, appellant was indicted with the
state jail felony offense of delivery of less than one gram of a controlled
substance.  However, because the indictment contained two enhancement
paragraphs alleging appellant had been convicted of two prior felonies, this
offense could be punishable as a second degree felony.  Appellant was tried
before a jury on July 17, 2006.  Officer Goines, HPD Officer Jason Dunn, and
HPD Crime Lab analyst Shamistha Patel were the only witnesses who testified
during the guilt-innocence phase of appellant=s trial.  Officers
Goines and Dunn described the circumstances surrounding appellant=s arrest.  Patel
testified that the rock-like substance the officers recovered at the scene
contained approximately 0.1 grams of cocaine.  The jury found appellant
guilty.  After finding the enhancement paragraphs true, the jury assessed
appellant=s punishment at twenty years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and a fine of
$5,000.  Appellant timely filed this appeal.

II.       Analysis
of Appellant=s Issues

A.      Alleged ALimitation@ on
Cross-Examination

In his first issue, appellant contends the trial court
erred in sustaining the State=s objection to a question propounded
during the  cross-examination of a witness in violation of his right to
confront witnesses against him under both the Texas and United States
constitutions.  Specifically, appellant complains that the trial court Astopped@ him from
cross-examining Officer Goines regarding whether Goines received compensation
for testifying against appellant, an issue he asserts would have impeached
Goines= credibility.  








However, nothing in our record reflects that the trial
court limited appellant=s cross-examination of this witness. 
Instead, during appellant=s cross-examination of Officer Goines
regarding whether his job performance or pay rate was affected by his arrest or
conviction statistics, the following exchange occurred:

[Appellant]: You don=t get B you don=t get time off or time and a half for anything additional?

[Goines]: No, sir.  I
wish but no, sir I don=t.

[Appellant]:  You=re not one of those that made a hundred and 70 thousand
dollars last year?

[the State]: Judge, I object to the form of the
question.

[the Court]: Sustained.

[Appellant]: I=ll pass the witness Your Honor.

 

First, the State=s objection was to
the Aform@ of the question. 
Rather than continuing to pursue this line of questioning by rephrasing,
appellant simply chose to end his cross-examination of Goines.  Thus, the trial
court did not limit his cross-examination of Officer Goines.  Second, even if
we construe the trial court=s ruling as a limitation on
cross-examination, appellant did not argue that the confrontation clause
demanded admission of this evidence.[1] 
See Reyna v. State, 168 S.W.3d 173, 179B80 (Tex. Crim.
App. 2005) (holding that the appellate court erred in reversing appellant=s conviction on
confrontation clause grounds because appellant did not Aclearly articulate@ to the trial
court that the confrontation clause demanded admission of the evidence). 
Finally, appellant made no further attempt to cross-examine this witness, nor
did he make a bill of exceptions or offer of proof regarding what testimony he
sought to elicit.  See Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim.
App. 1999) (AError in the exclusion of evidence may not be urged
unless the proponent perfected an offer of proof or a bill of exceptions.@).  For these
reasons, we overrule appellant=s first issue.








B.      Alleged
Improper Jury Charge

In his second issue, appellant argues the trial judge
improperly instructed the jury on Areasonable doubt@ in its charge on
guilt-innocence.  Our review of alleged error in a jury charge involves a two‑step
process.  Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). 
Initially, we must determine whether error occurred.  Id. at 731B32.  Only then do
we evaluate whether sufficient harm resulted from the error to require reversal.
 Id.  AThe standard to determine whether sufficient harm
resulted from the charging error to require reversal depends upon whether
appellant objected.@  Id. at 732.








Here, appellant complains that the following language
included in the trial court=s charge contained an improper definition
of reasonable doubt: AIt is not required that the prosecution
prove guilt beyond all possible doubt; it is required that the prosecution=s proof excludes
all reasonable doubt concerning the defendant=s guilt.@[2]  Citing Paulson
v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000), appellant contends that no
definition of reasonable doubt should be given to the jury at all.    However,
appellant cites no authority for his contention that this instruction defines
reasonable doubt.  To the contrary, several of our sister courts have
determined that this same instruction does not define reasonable doubt.  See,
e.g., O=Canas v. State, 140 S.W.3d 695,
701B02 (Tex. App.CDallas 2003, pet.
ref=d); Minor v.
State, 91 S.W.3d 824, 828B29 (Tex. App.CFort Worth 2002,
pet. ref=d); Carriere v.
State, 84 S.W.3d 753, 759B60 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d).  Moreover, this court has already
addressed this issue and concluded that a trial court does not err by including
this language in its charge.  Jackson v. State, 105 S.W.3d 321, 325
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  Finally, the
Court of Criminal Appeals has determined that a trial court does not abuse its
discretion by providing this instruction.  See Woods v. State,
152 S.W.3d 105, 114B15 (Tex. Crim. App. 2004).[3] 
We overrule appellant=s second issue.

III.      Conclusion

Having addressed and overruled each of appellant=s issues, we
affirm the judgment of the trial court.

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 30, 2007.

Panel consists of
Justices Anderson, Fowler, and Frost

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  In fact, appellant did not attempt to inform the trial court of any basis
for allowing this  question.





[2]  Appellant filed a written objection to the charge,
as well as objecting on the record.





[3]  Appellant attempts to distinguish Woods because
the appellant there failed to object to the alleged jury charge error.  See
Woods, 152 S.W.3d. at 115.  However, in Woods, the Court of Criminal
Appeals did not consider harm because it concluded that the trial court did not
err in charging the jury.  Id.  It is the harm analysis that turns on
whether an appellant objected, not the determination of error.  See Abnor,
871 S.W.2d at 731B32.  Thus, the fact that appellant objected to the
charge has no bearing on our determination of error.