In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-101 CR


____________________



RICKO DESHAWN HOLLAND, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 95065






OPINION


 A jury convicted Ricko Deshawn Holland of aggravated assault. The trial court
sentenced him to ten years in the Texas Department of Criminal Justice - Institutional
Division and assessed a fine of $10,000. Holland appeals. 

 Holland contends the trial court committed reversible error by giving the jury a
definition of reasonable doubt during the trial court's opening remarks. After the jury was
sworn, but prior to Holland's plea and before counsels' opening statements, the court
addressed the jurors and provided these instructions:

 You were provided a couple of issues of the law today, and I want to go
over some of the more important ones. The burden of proof in this case rests
solely on the State of Texas throughout this trial. Never at any time does it
shift to the defendant. The State of Texas must prove each and every element
of the offense beyond a reasonable doubt. . . . 

 A reasonable doubt is a doubt based on reason and common sense after
a careful and impartial consideration of all of the evidence in the case. It is the
kind of doubt that would make a reasonable person hesitate - - 


Holland's attorney interrupted, objecting to the Court's providing the jury with a definition
of reasonable doubt. The trial court overruled the objection and then proceeded to define
reasonable doubt as "the kind of doubt that would make a reasonable person hesitate to act
in the most important of his or her own affairs." After opening statements, but prior to the
presentation of evidence, the trial court addressed the jury again and stated that although the
trial court had provided the jury a definition of reasonable doubt earlier that morning, the
"better practice is to give no definition of reasonable doubt at all to a jury." The trial court
explained that "the definition of reasonable doubt will be something that will be best left to
your common sense." The trial court clarified that the jurors should disregard the earlier
instruction as to reasonable doubt and instructed the jury to use their common sense in
determining the definition of reasonable doubt. Holland then moved for a mistrial, which the
trial court overruled. The written jury charge contained no definition of reasonable doubt. 


 Holland argues that under Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000),
the trial court committed reversible error by providing the jury with an oral definition of
reasonable doubt when there was no agreement between Holland and the State to include the
definition. (1) In Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991), the Texas Court of
Criminal Appeals held that trial courts must define reasonable doubt in their jury charges. 
Id. at 162. The Texas Court of Criminal Appeals then held in Reyes v. State, 938 S.W.2d 718
(Tex. Crim. App. 1996), that the failure to submit the Geesa instruction to the jury
constituted "automatic reversible error." Id. at 720-21. Paulson specifically overruled Reyes
and the portion of Geesa requiring trial courts to instruct juries on the definition of
reasonable doubt. Paulson, 28 S.W.3d at 573. The Court concluded that "the better practice
is to give no definition of reasonable doubt at all" and that "if both the State and the defense
were to agree to give the Geesa instruction to the jury, it would not constitute reversible error
for the trial court to acquiesce to their agreement." Id. Appellant's reliance upon Paulson
in this instance is misplaced. We do not read Paulson to hold that giving the instruction, in
the absence of an agreement between the State and the defense, would constitute reversible
error. See O'Canas v. State, 140 S.W.3d 695, 699-702 (Tex. App.--Dallas 2003, pet. ref'd);
Jackson v. State, 105 S.W.3d 321, 325 (Tex. App.--Houston [14th Dist.] 2003, pet. ref'd). 
While the Court of Criminal Appeals found the better practice is to give no definition of
reasonable doubt at all to the jury, we find no support for appellant's contention that such
definition has been "specifically and expressly forbidden by the Court of Criminal Appeals." 
See Jackson, 105 S.W.3d at 325; Brown v. State, 91 S.W.3d 353, 358 (Tex. App.--Eastland
2002, no pet.); Dooley v. State, 65 S.W.3d 840, 843-44 (Tex. App.--Dallas 2002, pet. ref'd);
but see Rodriguez v. State, 96 S.W.3d 398, 399-405 (Tex. App.--Austin 2002, pet. ref'd);
Phillips v. State, 72 S.W.3d 719, 720-21 (Tex. App.--Waco 2002, no pet.). In fact, the
Paulson court opined that "[i]f a conscientious juror reads the Geesa charge and follows it
literally, he or she will never convict anyone." Paulson, 28 S.W.3d at 572. "[T]o convict,
a juror must either ignore the definition, refuse to follow it, or stretch it to say something it
does not say." Id. 

 Paulson is further distinguishable from the facts of this case. Here, the only time the
trial court provided a definition of reasonable doubt to the jury was during the court's oral
comments to the jury prior to opening statements. Before the presentation of evidence, the
trial court orally instructed the jury to disregard the earlier-provided definition of reasonable
doubt and to use common sense in determining the definition. An instruction to disregard
ordinarily cures error. See generally Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App.
2000)(instruction to disregard generally cures error associated with improper question and
answer). On appeal, we generally presume the jury followed the trial court's instructions in
the manner presented. Colburn v. State, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). 
Holland has provided no rebuttal evidence to the presumption; we presume the jury did not
consider the withdrawn definition of reasonable doubt in reaching its verdict and no written
definition was included in the court's charge to the jury. Holland's first issue is overruled.

 Second, Holland argues that although he requested and received a jury instruction
concerning self-defense in the abstract portion of the charge, the trial court erred in omitting 
the instruction in the application portion of the charge over appellant's objection. The
court's instructions and charge included the following:

 Upon the law of self-defense, you are instructed that a person is
justified in using force against another when and to the degree he reasonably
believes the force is immediately necessary to protect himself against the other
person's use or attempted use of unlawful force. A person is under no
obligation to retreat to avoid the necessity of repelling or defending, with force
less than deadly, against an attack or threatened attack. 


 . . . . 


 Now if you find from the evidence beyond a reasonable doubt that on
the occasion in question the defendant did shoot Curtis Bryan Everett, the
complainant, but you further find from the evidence, or you have a reasonable
doubt thereof, that viewed from the standpoint of the defendant at the time,
from the words or conduct, or both, of the complainant, it reasonably appeared
to the defendant that his person was in danger of bodily injury and there was
created in his mind a reasonable expectation or fear of bodily injury from the
use of unlawful force at the hands of complainant, and that acting under such
apprehension and reasonably believing that the use of force on his part was
immediately necessary to protect himself against complainant's use or
attempted use of unlawful force, the defendant shot complainant to defend
himself, then you will acquit the defendant, or, if you have a reasonable doubt
as to whether or not the defendant was acting in self-defense on said occasion
and under said circumstances, then you should give the defendant the benefit
of that doubt and say by your verdict not guilty.


 CHARGE:

 Now, in light of the law on self[-]defense as instructed herein, if you
believe from the evidence beyond a reasonable doubt that in Jefferson County,
Texas, on or about May 22, 2004, the defendant Ricko Deshawn Holland, did
then and there intentionally or knowingly or recklessly cause bodily injury to
Curtis Bryan Everett, hereinafter styled the Complainant, by the use of a
deadly weapon, namely, a firearm, by shooting complainant with the firearm,
you shall find the defendant GUILTY of the offense of aggravated assault.

 Unless you so find, or if you have a reasonable doubt thereof, you shall
find the defendant NOT GUILTY. 


 Section 2.03(d) of the Texas Penal Code states that "[i]f the issue of the existence of
a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue
requires that the defendant be acquitted." Tex. Pen. Code Ann. § 2.03(d) (Vernon 2003). 
A trial court's charge to the jury must set forth the "law applicable to the case." Tex. Code
Crim. Proc. Ann. art. 36.14 (Vernon 2007). Not only must the trial court fully instruct the
jury on the law applicable to the case, but it must also apply that law to the facts presented. 
Gray v. State, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004) (citing Jackson v. State, 633
S.W.2d 897, 899 (Tex. Crim. App. 1982)). The charge must apply the law to the facts
adduced at trial because the jury must be instructed under what circumstances to convict or
acquit. Gray, 152 S.W.3d at 127-28. A jury charge which fails to apply the law to the facts
adduced at trial is erroneous. Id. at 128. Jury charge error brought to the trial court's
attention must be reversed if there was some harm to the appellant, but unobjected-to error
calls for reversal only if it was so egregious as to deprive the appellant of a fair and impartial
trial. See Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984)(interpreting article
36.19 of the Code of Criminal Procedure); see also Herron v. State, 86 S.W.3d 621, 632
(Tex. Crim. App. 2002).

 Holland objected at trial to the court's insertion of the words "in light of the law on
self[-]defense, as instructed herein," and argued that the statement would cause confusion. 
Holland requested that the law on self-defense be incorporated as part of the charge and not
just in the instructions immediately preceding the charge. On appeal, Holland argues the
charge does not apply the law to the facts in that it does not require the state to disprove self-defense beyond a reasonable doubt before allowing the jury to convict appellant. The State
does not have to affirmatively produce evidence refuting a self-defense claim, but must prove
its case beyond a reasonable doubt. Saxton v. State, 804 S.W.2d 910, 913 (Tex. Crim. App.
1991). The instructions here explain the law of self-defense and apply the law to the facts
by explaining under what circumstances the jury should convict or acquit. See generally
Gray, 152 S.W.3d at 127-28. An application paragraph applying the law to the facts is
adequate if (1) it specifies all of the conditions to be met before a conviction under the
particular theory is authorized; (2) it authorizes a conviction under conditions specified by
other paragraphs of the jury charge to which the application paragraph necessarily and
unambiguously refers; or (3) it contains some logically consistent combination of such
paragraphs. See Degrate v. State, 86 S.W.3d 751, 753 (Tex. App.--Waco 2002, pet. ref'd). 
It is unnecessary to repeat every abstract definition in the application paragraph of the jury
charge. See generally Jones v. State. 907 S.W.2d 850, 854 (Tex. App.--Houston [1st Dist.]
1995, pet. ref'd). The words "in light of the law on self[-]defense, as instructed herein"
clearly incorporate those instructions into the application paragraph. Absent evidence to the
contrary, we must presume the jury followed and understood the instructions. See Stokes v.
State, 74 S.W.3d 48, 51 (Tex. App.--Texarkana 2002, pet. ref'd) (citing Hutch v. State, 922
S.W.2d 166, 172 (Tex. Crim. App. 1996)). Holland's second issue is overruled. The trial
court's judgment is affirmed.

 AFFIRMED.

 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on September 7, 2007

Opinion Delivered March 12, 2008

Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Holland does not argue on appeal that the trial court's definition tainted the
presumption of innocence. Cf. Blue v. State, 41 S.W.3d 129, 130-33 (Tex. Crim. App. 2000).