Affirmed and Memorandum Opinion filed August 13, 2009








Affirmed
and Memorandum Opinion filed August 13, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00941-CR

NO. 14-08-00942-CR

_______________

 

JOHN WESLEY McEUEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 2

Harris County, Texas

Trial Court Cause Nos. 1480105, 1480106

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

A jury
convicted appellant John Wesley McEuen of two counts of violation of a
protective order.  The trial court sentenced him to one year in the Harris
County Jail, but suspended his sentence and placed him on eighteen months= community supervision.  In two
issues, he asserts that the trial court reversibly erred by including a
definition of reasonable doubt in the jury charge and that his trial counsel
was ineffective. We affirm.

 








I.  Background

In April
2007, the 308th District Court of Harris County entered a protective order
prohibiting appellant, as is relevant here, from Acoming with 200 feet of [Nancy
Anderson]=s place of residence. . . .@  Later that year in August, Anderson
reported to the Harris County Precinct 4 Constable=s Office that appellant was harassing
her.  Harris County Deputy D. Felan investigated Anderson=s report and spoke with Anderson=s neighbor, Barry Reno.  After
speaking with Reno and Anderson, Deputy Felan filed a complaint in which she
averred that she believed appellant violated the protective order on July 1,
2007 and September 10, 2007.  The Harris County District Attorney=s Office thereafter charged appellant
by information with two counts of violation of a protective order.  

Although
Anderson did not testify at appellant=s jury trial, her neighbor Reno
testified that he saw appellant walk up Anderson=s driveway and jump over her fence
into her backyard on or about the afternoon of July 1, 2007.  Reno further
testified that, on September 10, 2007, he saw appellant drive his car into
Anderson=s driveway and remain there for two
to three minutes.  Pictures of Anderson=s house were entered into evidence,
indicating a very short distance between her house and driveway.  In addition,
the protective order was admitted into evidence.  

Deputy
Felan testified regarding her investigation into Anderson=s report that appellant was harassing
her.  She reiterated much of Reno=s testimony regarding the two
specific violations at issue and explained that Reno identified appellant in a
photo lineup as the individual who he had seen in Anderson=s driveway and yard.  








After
the State rested, the trial court and counsel for appellant and the State
discussed the court=s charge.  Both sides affirmatively stated they had no
objections to the charge.  The defense rested; both sides presented closing
argument.  The trial court charged the jury, and the jury returned a guilty
verdict.  The trial court assessed appellant=s punishment at one year in the
Harris County Jail, but suspended the sentence and placed appellant on
community supervision for eighteen months.[1] 
This appeal timely ensued.

II.  Issues Presented

In his
first issue, appellant asserts that the trial court reversibly erred by
including a definition of Areasonable doubt@ in the jury charge in contravention
of Paulson v. State.[2]  In his
second issue, appellant contends that his trial counsel was ineffective by
failing to properly object to various testimony.

III.  Analysis

A.        Jury Charge Error

When
reviewing allegations of charge error, an appellate court must first determine
whether error actually exists in the charge.  Ngo v. State, 175 S.W.3d
738, 743 (Tex. Crim. App. 2005) (en banc).  If error is found, the court must
determine whether it caused sufficient harm to require reversal.  Id. 
The degree of harm required for reversal depends on whether the error was
preserved.  Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986)
(en banc).  Where, as here, no proper objection was made at trial, the error
requires reversal only if it is so egregious and created such harm that the
appellant has not had a fair and impartial trial.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc) (op. on reh=g). 








Here,
the trial court included the following unobjected-to definition of reasonable
doubt in its charge: AA >reasonable doubt= is a doubt based on reason and
common sense after a careful and impartial consideration of all the evidence in
the case.@  As appellant correctly notes, in Paulson v. State, the Court of
Criminal Appeals overruled Geesa v. State,[3]
which had required the trial court to include a definition of Abeyond a reasonable doubt@ in the jury charge.  28 S.W.3d 570,
571 (Tex. Crim. App. 2000).  But although the Paulson Court concluded
that the Abetter practice@ is to give no definition of reasonable doubt, it also stated
that it is not reversible error to include the entire Geesa instruction[4]
if both parties agree to its inclusion.  Id. at 573; see also Jackson
v. State, 105 S.W.3d 321, 325 (Tex. App.C Houston [14th Dist.] 2003, pet. ref=d).  Here, as noted above, both
parties affirmatively stated that they had no objections to the jury=s charge.[5] 
Further, this specific definition was determined to be Auseless@ by the Paulson court, rather
than erroneous.[6]  Paulson,
28 S.W.3d at 572 (A[This] definition is useless.  It is like saying >A white horse is a horse that is
white.=@). 








Under
these circumstances, we conclude that the trial court did not err in including
this definition in its charge.  See id. at 572B73; see also Jackson, 105
S.W.3d at 325. We therefore overrule appellant=s first issue. 

B.        Ineffective Assistance of
Counsel

We review claims of ineffective assistance of counsel under
the standard set forth in Strickland v. Washington.  466 U.S. 668
(1984).  Under the Strickland test, an appellant must prove (1) his
trial counsel=s representation was deficient, and (2) the deficient
performance was so serious that it deprived the appellant of a fair trial.  Id.
at 687.  To establish both prongs, the appellant must prove by a preponderance
of the evidence that counsel=s representation fell below the objective
standard of prevailing professional norms, and there is a reasonable
probability that, but for counsel=s deficiency, the
result of the proceeding would have been different.  Id. at  690B94.  An appellant=s failure to
satisfy one prong makes it unnecessary for a court to consider the other prong.  Id. at 697. 
This test is applied to claims arising under the Texas Constitution as well as
those arising under the United States Constitution.  Hernandez v. State,
726 S.W.2d 53, 56B57 (Tex. Crim. App. 1986) (en banc).

Our
review of defense counsel=s performance is highly deferential, beginning with the strong
presumption that counsel=s actions were reasonably professional and were motivated by
sound trial strategy.  Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994) (en banc).  When the record is silent as to trial counsel=s strategy, we will not conclude that
defense counsel=s assistance was ineffective unless the challenged conduct
was A>so outrageous that no competent
attorney would have engaged in it.=@ Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).  To establish ineffective assistance
of counsel based on a failure to object to the admission of evidence, an
appellant must establish, as part of his claim, that the trial court would have
erred in overruling these objections.  Ortiz v. State, 93 S.W.3d 79, 93
(Tex. Crim. App. 2002) (en banc).








First,
appellant complains that trial counsel was deficient by making an inappropriate
hearsay objection to Reno=s response to a question posed regarding whether he was a Aneighborhood watch person,@ in which Reno stated, ANo sir, we all are.  Nobody knows if
he=s a pedophile or trying to pick up
kids.@[7]  Appellant asserts that, rather than
a hearsay objection, trial counsel should have lodged objections under Texas
Rules of Evidence 403 or 404(b).[8]  But as an
initial matter, we note that it is not evident that Reno=s reference to Ahe=s a pedophile@ in this testimony is directed
towards appellant.  Instead, it is just as likely that Reno was simply
explaining why everyone in the neighborhood keeps watch, i.e., to keep
an eye out for strangers in the neighborhood who may be preying on children. 
Further, appellant has not argued that trial court would have abused its
discretion in overruling these objections, instead asserting:  

[T]he
reference to appellant as a pedophile was incredibly prejudicial and almost
certainly tainted the jury in an indelible manner.  Tex. R. Evid. 403.  Counsel never objected to the statement
on this basis.  Further, any reference to such conduct would have been
uncharged conduct rendered inadmissible under Tex.
R. Evid. 404(b).  Counsel likewise failed to object on that ground.








Thus, we conclude that
appellant has not met his burden to establish that, had these objections been
made, the trial court would have erred in overruling them.  See Ortiz,
93 S.W.3d at 93.

Next,
appellant asserts that his trial counsel was ineffective based on his Acontinuous failure@ to object to Aprejudicial hearsay.@  Specifically, he asserts that
counsel failed to object when Aboth Reno and F[e]lan testified about statements made by
Anderson establishing that her relationship with appellant deteriorated and
that a protective order existed.@[9]  But these same facts were
established by other admitted evidence about which appellant does not
complain:  the protective order itself was admitted into evidence, and it
establishes that Anderson and appellant were no longer involved in a dating
relationship due to Afamily violence.@  The failure to object to such
cumulative evidence is harmless and does not support a claim of ineffective
assistance.  Darby v. State, 922 S.W.2d 614, 624 (Tex. App.CFort Worth 1996, pet. ref=d); see also Hernandez v. State,
No. 14-07-00124-CR, 2008 WL 2262046, at *8 n.15 (Tex. App.CHouston [14th Dist.] May 29, 2008,
pet. ref=d) (mem. op., not designated for
publication), cert. denied, 129 S.Ct. 2164 (2009).     








Finally,
appellant  criticizes his trial counsel=s failure to object when Deputy Felan
reiterated Reno=s out-of-court statements made to her regarding the two
instances when appellant approached Anderson=s residence in violation of the
protective order for which appellant was being tried.  But this evidence had
already been established by Reno=s testimony; thus, it was merely
cumulative of other evidence previously admitted without objection and about
which appellant does not complain about any failure to object.  See Darby,
922 S.W.2d at 624, Hernandez, 2008 WL 2262046, at *8.  Further, we
cannot say that any of the challenged conduct was so outrageous that no
competent attorney would have engaged in it.  Goodspeed, 187 S.W.3d at
392.  

Finally,
appellant was charged with the misdemeanor offense of violating a protective
order by twice approaching within 200 yards of Anderson=s residence.  The testimony of Reno
established that appellant approached Anderson=s residence on the dates in question;
the photographs admitted into evidence of Anderson=s residence reflect that the areas
approached were within 200 yards of Anderson=s residence.  Thus, appellant has not
established, by a preponderance of the evidence, there is a reasonable probability
that, but for counsel=s deficiency, the result of the proceeding
would have been different.  Strickland, 466 U.S. at  690B94.

In sum,
appellant has neither established that his counsel=s performance was deficient nor that
there is a reasonable probability the outcome of his trial would have been
different.  We therefore overrule his second issue.

IV.  Conclusion

Having
overruled each of appellant=s issues, we affirm the trial court=s judgment.

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Panel consists of Justices Anderson, Guzman, and
Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant originally elected to have the jury assess
his punishment, but after the verdict, the parties agreed to have the trial
court sentence appellant in accord with a punishment agreement. 





[2]  28 S.W.3d 570, 752 (Tex. Crim. App. 2000).





[3]  820 S.W.2d 154, 162 (Tex. Crim. App. 1991). 





[4]  The full Geesa definition states:

A
reasonable doubt is a doubt based on reason and common sense after a careful
and impartial consideration of all the evidence in the case.  It is the kind of
doubt that would make a reasonable person hesitate to act in the most important
of his own affairs.

Proof
beyond a reasonable doubt, therefore, must be proof of such a convincing
character that you would be willing to rely and act upon it without hesitation
in the most important of your own affairs.

820 S.W.2d at 162.





[5]  Appellant states in his brief, AIn this case, neither party agreed to the charge
instruction.@  But this assertion is not supported by the record:

The Court:         Does either side have any objection
to the proposed charge?

[Trial counsel]:   No objection, Your Honor.

[The State]:       No objection.





[6]  Indeed, this definition is not one of the Geesa definitions
defined as Atroubling@ by
the Paulson court.  Id.  at 572B73 (concluding that only portions of Geesa definition including
the ambiguous term Ahesitation@
were problematic and logically flawed).  





[7]  The entire exchange regarding this testimony
occurred as follows:

[Trial counsel]:   When you testified, you know[,]
that y=all are all looking out in this neighborhood; people
are going to drive by and pick up kids and run people over, so you=re the neighborhood watch person, aren=t you?

[Reno]: No, sir; we all are.  Nobody knows if he=s a pedophile or trying to pick up kids.  They seen
him at 8:00 o=clock [sic] in the morning, when they got their kids
at the school bus, driving by.

[Trial counsel]:   Objection, hearsay.

The Court:         All right, proceed.





[8]  Texas Rule of Evidence 403 states that relevant
evidence may be excluded if the probative value of the evidence is Asubstantially outweighed@ by the danger of, among others, unfair prejudice.  Tex. R. Evid. 403.  Rule 404(b)
provides that evidence of other crimes, wrongs, or acts is not admissible to
prove the character of a person.  Tex.
R. Evid. 404(b).  





[9]  The record references provided in support of this
allegation include testimony from Reno in which he stated that he Afound out@
that the relationship between Anderson and appellant had ended, testimony by
Reno that Deputy Felan and he discussed Awhat
was going on@ between Anderson and appellant, and statements by
Deputy Felan that she became aware of the protective order and appellant=s violations of it when Anderson came into the office
to make a report.  Several of these instances do not involve hearsay, which is
an out-of-court statement offered for the truth of the matter asserted
therein.  See Tex. R. Evid. 801(d).
And again, appellant has not explained how the trial court would have erred in
overruling any such objections.  See Ortiz, 93 S.W.3d at 93.