ACCEPTED
01-14-00513-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/11/2015 4:50:55 PM
CHRISTOPHER PRINE
CLERK

# Nos. 01-14-00513-CR and 01-14-00514-CR

In the
## Court of Appeals
For the
## First District of Texas
At Houston

————————◆————————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

2/11/2015 4:50:55 PM

CHRISTOPHER A. PRINE
Clerk

## Nos. 1330898 & 1330899
In the 351st District Court
Of Harris County, Texas

————————◆————————

## AARON CHARLES BURTON
*Appellant*
v.
## THE STATE OF TEXAS
*Appellee*

————————◆————————

## State's Appellate Brief

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**SARAH ROBERTS**
Assistant District Attorney
Harris County, Texas

**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
State Bar No. 24071454
morgan_clinton@dao.hctx.net

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 755-5826
FAX: (713) 755-5809

*Counsel for the Appellee*

Oral Argument Not Requested

**Statement Regarding Oral Argument**

The appellant requested oral argument, though he gave no particular reason why. The State believes the briefs in this case adequately apprise this Court of the issues and the law, and any marginal benefit from oral argument does not justify the considerable amount of time that preparation for oral argument requires of the parties and the Court. Therefore, the State does not request oral argument.

# Identification of the Parties

Counsel for the State:

      Devon Anderson
          — District Attorney of Harris County

      Sarah Roberts
          — Assistant District Attorney at trial

      Clinton A. Morgan
          — Assistant District Attorney on appeal

Appellant:

      Aaron Charles Burton

Counsel for the Appellant:

      Hattie Shannon
          — Counsel at trial

      Tony Aninao
          — Counsel on appeal

Trial Judge:

      Leslie Brock Yates
          — Presiding judge

# Table of Contents

**Page**

Statement Regarding Oral Argument ........................................................... i

Identification of the Parties ..................................................................... ii

Table of Contents ................................................................................. iii

Index of Authorities ............................................................................. iv

Statement of the Case ........................................................................... 1

Statement of Facts ................................................................................ 1

**Reply to Point of Error One**

The evidence is sufficient to show that the appellant — the sole occupant of a vehicle — knowingly possessed the drugs inside the vehicle. .......................... 2

**Reply to Point Two**

Factual-sufficiency review has been subsumed within legal-sufficiency review, thus this point presents nothing to review. .................................... 5

**Reply to Point Three**

The trial court's failure to arraign the defendant prior to the beginning of the punishment phase was harmless. ................................................. 6

**Reply to Point Four**

The *Allen* charge was not coercive. ....................................................... 7

Conclusion ........................................................................................ 10

Certificate of Compliance and Service .................................................... 11

# Index of Authorities

**Cases**

*Allen v. United States*
164 U.S. 492 (1896)...................................................................................................8

*Barnett v. State*
189 S.W.3d 272 (Tex. Crim. App. 2006) ............................................................ 8, 9

*Evans v. State*
202 S.W.3d 158 (Tex. Crim. App. 2006) ............................................................ 3, 4

*Hervey v. State*
131 S.W.3d 561 (Tex. App.—
Waco 2004, no pet.)....................................................................................................7

*Hurtado v. State*
881 S.W.2d 738 (Tex. App.—
Houston [1st Dist.] 1994, pet. ref'd)........................................................................4

*Jackson v. State*
105 S.W.3d 321 (Tex. App.—
Houston [14th Dist.] 2003, pet. ref'd) ...................................................................6

*Jones v. State*
___ S.W.3d ___, 01-13-00984-CR, 2015 WL 162216 (Tex. App.—
Houston [1st Dist.] Jan. 13, 2015, no. pet. h.) ....................................................5

*Linton v. State*
15 S.W.3d 615 (Tex. App.—
Houston [14th Dist.] 2000, pet. ref'd) ...................................................................6

*Ly v. State*
273 S.W.3d 778 (Tex. App.—
Houston [14th Dist.] 2008, pet. ref'd) ...................................................................4

*Poindexter v. State*
153 S.W.3d 402 (Tex. Crim. App. 2005) .................................................................2

*Taylor v. State*
106 S.W.3d 827 (Tex. App.—
Dallas 2003, no pet.) .................................................................................................5

## Statement of the Case

The appellant was indicted for evading arrest with a motor vehicle and possession of a controlled substance. (1 CR 8; 2 CR 8). [1] Both indictments alleged two prior felony convictions, with one having been committed after the other became final. (1 CR 8; 2 CR 8). The appellant pleaded not guilty to both charges. (3 RR 3-4). A jury found him guilty as charged. (1 CR 87-88; 2 CR 84, 88). The appellant pleaded true to all the enhancement allegations and the trial court assessed his punishment in both cases at thirty years' confinement, with the sentences to run concurrently. (1 CR 88, 2 CR 88). The appellant filed a timely notice of appeal for both cases. (1 CR 91; 2 CR 91). The records do not contain trial court certifications of the appellant's right of appeal.

## Statement of Facts

Harris County deputy sheriff Pedro Gutierrez could not see the license plate on the appellant's car so he conducted a traffic stop. (3 RR 26-27). Gutierrez identified the appellant through his driver license. (29-30). As Gutierrez was walking back to his car to run a warrant check on the appellant,

---

[1] For ease of citation, the State will refer to the clerk's records in these as though they were sequentially-numbered volumes. Thus, the record for 01-14-00513-CR (the evading case) will be 1 CR, and the record for 01-14-00514-CR (the possession case) will be 2 CR. Also, the State notes that the clerk failed to paginate the record for the evading case. For 1 CR, the State will use the PDF page numbers.

he shone his flashlight into the backseat of the appellant's car and saw what he believed to be a large bag of marihuana sitting in plain view. (3 RR 34-35). Gutierrez turned around to re-approach the appellant about this matter, at which point the appellant drove away. (3 RR 38).

Gutierrez flagged down two other deputy sheriffs who happened on the scene, and the three of them followed the appellant on a mile-long chase until the appellant came to a dead end on Sleepytime Lane, abandoned his car, and ran into the woods. (3 RR 43-45). The deputies pursued the appellant into the woods, but he got away. (3 RR 55). When the deputies inventoried the appellant's car prior to having it towed, they found in the center console a bottle containing 3.3 grams of PCP. (3 RR 58-60, 137-38).

## Reply to Point of Error One

### The evidence is sufficient to show that the appellant — the sole occupant of a vehicle — knowingly possessed the drugs inside the vehicle.

In his first point, the appellant asserts that the evidence is insufficient to prove that he possessed the PCP found in the car. To support a conviction for possession of a controlled substance, the evidence must show knowing possession. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). The State must prove that the accused (1) exercised actual care, custody,

control, or management over the substance, and (2) knew that the substance was contraband. *Ibid*.

The appellant bases his argument on the links doctrine, and an analysis of the specific links that the Court of Criminal Appeals approved of in *Evans v. State*, 202 S.W.3d 158 (Tex. Crim. App. 2006). The links doctrine holds that the mere presence of the accused at the location where drugs are found is insufficient by itself to establish actual care, custody, or control (*i.e.* possession) of those drugs. *Evans*, 202 S.W.3d, at 162. Thus, when police found Evans sitting next to a coffee table that was covered in drugs, and he claimed that the drugs belonged to someone else who lived in the house, the State had to produce evidence to show that Evans possessed the drugs. *See id*. at 161-62. The links doctrine is meant to protect innocent bystanders from being convicted of drug possession for merely being near other people's drugs. *See ibid*.

In *Evans*, the Court of Criminal Appeals gave its approval to a non-exhaustive list of some fourteen links that might show that a defendant possessed drugs, and then noted that the list was "not a litmus test":

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics

3

when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* at 162 n. 12. The State believes several of these factors are applicable (1, 3, 5, 7, 10, 12, 14), but, as the *Evans* court observed, it is "not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Id*. at 162.

The appellant was the sole occupant of the vehicle. *See Hurtado v. State*, 881 S.W.2d 738, 743 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (status as sole occupant of vehicle indicative of knowing possession). While he was not present at the time the search was conducted, he was the last person in the car before police searched it. The drugs were located near the appellant in an area that was easily accessible to him. *See Ly v. State*, 273 S.W.3d 778, 782 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (presence of drugs in center console produced inference that driver possessed them). The appellant had a bag of marihuana in the back seat, and the fact that he started driving away when Gutierrez shone his flashlight into the backseat, and then threw the

4

marihuana out of the window during the chase (3 RR 45) indicates that the appellant knowingly possessed the marihuana. Indeed, the appellant's flight, both on car and then on foot, is the strongest evidence that the appellant knew he possessed the PCP. *See Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.) (flight is strong evidence of guilt in circumstantial possession case). The combined logical force of these facts is sufficient to support the jury's verdict. Accordingly, this Court should reject the appellant's first point of error.

## Reply to Point Two

**Factual-sufficiency review has been subsumed within legal-sufficiency review, thus this point presents nothing to review.**

In his second point, the appellant claims that the evidence is "factually insufficient" to support his conviction. (Appellant's Brief at 22-30). This point is based on outdated caselaw, and this Court, in accord with binding caselaw from the Court of Criminal Appeals, no longer conducts factual-sufficiency review as a standalone analysis. *See Jones v. State*, ___ S.W.3d ___, 01-13-00984-CR, 2015 WL 162216, at *5 (Tex. App.—Houston [1st Dist.] Jan. 13, 2015, no. pet. h.).

## Reply to Point Three

**The trial court's failure to arraign the defendant prior to the beginning of the punishment phase was harmless.**

At the beginning of the punishment phase, the State and the appellant stipulated that the appellant had 23 prior convictions: 18 misdemeanors and 5 felonies. (5 RR 3; State's Ex. 10). Judgments for these convictions were admitted into evidence as part of the stipulation. (*See* State's Exs. 10A-10V). In addition, the appellant also stipulated to several adjudicated offenses, including possession of cocaine and PCP at the time of his arrest. (State's Ex. 11). The trial court found the enhancement paragraphs true. (6 RR 3).

In his third point of error, the appellant complains that he was not arraigned at the beginning of the punishment phase. (Appellant's Brief at 30-36). It is true that there was no formal arraignment in this case, and that the appellant never requested one. However, despite the appellant's repeated citations to outdated caselaw, it is well-settled that the failure to arraign a defendant prior to the punishment phase is an error subject to the harmless-error analysis of Rule 44.2(b) and will merit reversal only if the error had a substantial impact on the trial. *See Linton v. State*, 15 S.W.3d 615, 620 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *Jackson v. State*, 105 S.W.3d 321, 330 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). Indeed, at least one

6

appellate court has held that the failure to object to a failure to arraign the defendant constitutes waiver of the matter. *Hervey v. State*, 131 S.W.3d 561, 565 (Tex. App.—Waco 2004, no pet.).

Whether the matter was waived, it is obvious that he was not harmed by the failure to read the enhancement paragraphs and take his plea. The appellant knew that the State did not waive its enhancement allegations. (*See* 5 RR 6 (defense counsel arguing to trial court and accepting that minimum sentence was 25 years, which is only the case in cases with two enhancement allegations)). Also, the appellant's stipulation was, in effect, a plea of "true" to the enhancements, as two of the prior convictions to which he stipulated were the enhancement allegations. (*Compare* CR 8 *to* State's Exs. 10B, 10D). The appellant has alleged no harm in his brief. Because the appellant was not harmed by the trial court's failure to arraign him, this Court should reject his third point.

## Reply to Point Four

**The *Allen* charge was not coercive.**

The presentation of evidence in this case lasted for three-and-a-half hours. (2 CR 97). The jury deliberated for an hour and fifteen minutes that afternoon, and the next day it deliberated for another hour, at which point it

sent out a note stating that it had reached a verdict on the evading-arrest charge, but was deadlocked 10-2 on the possession charge. (CR 86, 97-98). At that point, the trial court brought out the jury and read them an *Allen* charge, instructing them that if they failed to reach a verdict the case would probably be retried on the same evidence to a different jury and "there is no reason to hope the next jury will find these questions any easier to decide than you have found them." (CR 85, 98). The instruction concluded by telling the jury "to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience." (CR 85). After another half-hour of deliberations, the jury reached its verdict. (CR 98).

In his fourth point of error, the appellant claims that the trial court erred by coercing the jury. (Appellant's Brief at 36-45). The appellant raised no objection relating to this matter at trial. (*See* 6 RR 3-4).

An *Allen* charge is a permissible way for a trial court to encourage the jury to continue their deliberations and attempt to reach a verdict. *See Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006) (citing *Allen v. United States*, 164 U.S. 492, 501 (1896)). A trial court can fall into error if it engages in coercive tactics in addition to giving an *Allen* charge, but the record does not reveal anything of the sort here; moreover, if the trial court *had* engaged in

8

coercive tactics, the appellant's failure to properly raise an objection in the trial court leaves nothing for review. *See Barnett*, 189 S.W.3d at 278 (defendant preserved error by requesting mistrial after trial court told two holdout jurors that it had a "problem" with them).

The appellant does not point to any actual error in the language of trial court's instruction, nor does he complain about any action by the trial court. His complaint seems to be that that "the trial court essentially **communicated its opinion of the case** by it [*Allen*] charge to the jury and the two 'hold outs' which properly translated means '…Why on earth are you taking so long to find this defendant guily? **DELIBERATE SOME MORE!**'" (Appellant's Brief at 44) (emphasis in original). The State believes the appellant has mistranslated the trial court's instruction. Nothing in the instruction asked the jury to reach a particular verdict, and nothing in the record indicates that the trial court behaved in such a way as to communicate a request for a particular verdict. The trial court merely instructed the jury in a manner designed to create *a* verdict rather than a mistrial. This was permissible. Accordingly, this Court should reject the appellant's fourth point.

## Conclusion

The State respectfully submits that all things are regular and the judgment of the trial court should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ C.A. Morgan
CLINTON A. MORGAN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Texas Bar No. 24071454

**Certificate of Compliance and Service**

I certify that, according to Microsoft Word's word counting function, the portion of this brief for which Rule of Appellate Procedure 9.4(i)(1) requires a word count contains 1,939 words.

I also certify that I have requested that efile.txcourts.gov electronically serve a copy of this brief to:

Tony Aninao
taninao@hotmail.com

/s/ C.A. Morgan
CLINTON A. MORGAN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Texas Bar No. 24071454

Date: February 11, 2015